41 P.3d 1225 (2002)
STATE of Washington, Respondent,
v.
Patrick A. DERYKE, Appellant.
No. 47491-0-I.
Court of Appeals of Washington, Division 1.
March 11, 2002.
*1226 Cheryl Aza, Seattle, for Appellant.
Erik Pedersen, Skagit County Pros. Atty., Mount Vernon, for Respondent.
AGID, C.J.
Patrick DeRyke appeals his convictions and sentencing for kidnapping in the first degree and attempted rape in the first degree. DeRyke argues that the to convict instruction given to the jury for the attempted rape charge deprived him of due process because it did not specify the degree of rape he allegedly attempted and did not set forth the elements of the crime of rape in the first degree. He also argues resentencing is necessary because (1) his sentence for attempted first degree rape exceeds the statutory maximum for the offense; (2) his kidnapping conviction should have merged into his attempted first degree rape conviction; and (3) his convictions constituted the "same criminal conduct," thus entitling him to concurrent, rather than consecutive, sentencing.
Because the challenged to convict instruction adequately set forth the essential elements of the crime of attempt and a separate instruction listed the elements of the crime of first degree rape, we reject DeRyke's argument that the instruction violated his due process rights. However, DeRyke is entitled to resentencing because his sentence for attempted first degree rape exceeds the statutory maximum. And, on remand the trial court should merge DeRyke's conviction for first degree kidnapping with his conviction for first degree rape.

FACTS
Thirteen-year-old C.L. was walking home from the bus stop after school when she felt an arm grab her by the neck and saw a gun go by her face. The man who grabbed her took her into a wooded area and pointed the gun at her. The man, whom C.L. recognized as "Pat," walked her into the woods until they reached a gully. The man then pointed the gun at C.L. and told her, "If you say anything I'll blow your brains out." While pointing the gun at her, the man unbuttoned C.L.'s loose-fitting pants, which fell to her knees. Less than a minute later, an unidentified dark-haired man approached and said, "What do you think you are doing? Get out of here." At that point, "Pat" ran away from the scene. The dark-haired man asked C.L. if she was okay. C.L. said yes and left.
The State charged DeRyke with attempted rape in the first degree with a firearm enhancement and kidnapping in the first degree with a firearm enhancement. The jury found DeRyke guilty as charged on both counts and returned special verdicts finding he was armed with a firearm during the commission of both offenses. The trial court *1227 imposed a sentence of 150 months for the attempted first degree rape conviction with firearm enhancement and 124 months for the first degree kidnapping conviction with firearm enhancement. The court ordered that the sentences run consecutively. This appeal followed.

DISCUSSION

RIGHT TO ORAL ARGUMENT
As a preliminary matter, DeRyke's counsel filed a Request for Oral Argument in this case after the court had set it for consideration without oral argument. In that motion counsel asserted that "[i]n State v. Jones, this Court recognized appointed counsel's failure to present oral argument may, in certain circumstances, constitute ineffective assistance of counsel. 26 Wash.App. 1, 9 n. 3, 612 P.2d 404 (1980)." We denied counsel's motion for two reasons. First, State v. Jones does not stand for the proposition that failure to present oral argument, when the court declines to schedule an argument, may constitute ineffective assistance of counsel. Rather, Jones involved circumstances in which counsel did not file a reply brief and later waived oral argument after the court set the case for argument. While the Jones court was concerned about counsel's "commitment to his client's defense," it found the opening appellant's brief adequate to allow the court to decide "the issues central to Jones' defense."[1]
Second, under RAP 11.6,
[t]he appellate court may, on its own initiative or on motion of all parties, decide a case without oral argument.[[2]]
We hold that when the court exercises its discretion under RAP 11.6 to set a case for consideration without oral argument, State v. Jones is not authority for the proposition that counsel must request oral argument to avoid concerns about ineffective assistance of counsel.

JURY INSTRUCTION
DeRyke contends he was deprived of due process because the to convict jury instruction for attempted first degree rape did not specify the degree of rape allegedly attempted and failed to set forth the elements of the crime of rape in the first degree. Failure to instruct the jury on every element of the crime charged is an error of constitutional magnitude that may be raised for the first time on appeal.[3] We review a challenged jury instruction de novo.[4] "Jury instructions are to be read as a whole and each instruction is read in the context of all others given."[5] Instructions are sufficient if they properly inform jurors of the applicable law, are not misleading, and permit each party to argue his or her theory of the case.[6]
The Washington Supreme Court has held "that a `to convict' instruction must contain all of the elements of the crime because it serves as a `yardstick' by which the jury measures the evidence to determine guilt or innocence."[7] As such, jurors should not be required to refer to other jury instructions to supply elements omitted in the to convict instruction.[8] "A harmless error analysis is never applicable to the omission of an essential element of the crime in the `to convict' instruction. Reversal is required."[9]
Here, the challenged to convict instruction (Instruction 12) read in part:
To convict the defendant of the crime of attempted rape, each of the following elements of the crime must be proved beyond a reasonable doubt:

*1228 (1) That on or about the 23 rd day of February, 2000, the defendant did an act which was a substantial step toward the commission of rape;
(2) That the act was done with the intent to commit rape; and
(3) That the acts occurred in the State of Washington.[[10]]
Instruction 10 stated:
A person commits the crime of rape in the first degree when that person engages in sexual intercourse with another person by forcible compulsion where the perpetrator uses or threatens to use a deadly weapon or what appears to be a deadly weapon or kidnaps the victim.
DeRyke contends the to convict instruction "failed to include all essential elements of attempted rape in the first degree" because it did not name the degree of rape which DeRyke allegedly attempted or include the elements of the crime of first degree rape. We disagree.
The challenged to convict instruction properly set forth the essential elements of an attempt crime. The Supreme Court has repeatedly recognized that attempt crimes have two elements: (1) intent, and (2) a substantial step.[11] Both of these essential elements were included in the challenged instruction. In Instruction 10, the jury was properly instructed about the elements of the crime of rape in the first degree.[12] And, the verdict form clearly stated that the crime charged was "ATTEMPTED RAPE IN THE FIRST DEGREE WITH FIREARM ENHANCEMENT." Although the to convict instruction could have been improved by specifying "rape in the first degree," it adequately set forth the essential elements of the crime of attempted first degree rape. The instructions, read as a whole, properly informed the jury of the crime DeRyke was charged with and of the essential elements and definitions of all of the relevant terms. We therefore reject DeRyke's argument that the to convict instruction omitted an essential element of the charged offense.

SENTENCING[13]
DeRyke argues that his sentence for attempted first degree rape "must be reversed insofar as it exceeds the statutory maximum." The State concedes, and we agree, that the trial court erred in sentencing DeRyke to a total of 150 months on the attempted first degree rape conviction, which has a statutory maximum sentence of 120 months. The trial court sentenced DeRyke to 114 months, plus 36 months for the firearm enhancement, on the attempted first degree rape conviction. "A sentencing enhancement is added to the base sentence to reach a single presumptive sentence for a particular offense; it is not itself a separate sentence."[14] Attempted first degree rape is a class B felony, for which the maximum sentence is 10 years, or 120 months.[15] The Sentencing Reform Act provides:

*1229 If the standard sentence range under this section exceeds the statutory maximum sentence for the offense, the statutory maximum sentence shall be the presumptive sentence unless the offender is a persistent offender. If the addition of a firearm enhancement increases the sentence so that it would exceed the statutory maximum for the offense, the portion of the sentence representing the enhancement may not be reduced.[[16]]
Accordingly, we remand for resentencing consistent with this provision.
DeRyke next argues that the trial court erred by failing to merge his first degree kidnapping conviction into his attempted first degree rape conviction. Washington courts apply the doctrine of merger
where the Legislature has clearly indicated that in order to prove a particular degree of crime (e.g., first degree rape) the State must prove not only that a defendant committed that crime (e.g., rape) but that the crime was accompanied by an act [that] is defined as a crime elsewhere in the criminal statutes (e.g., assault or kidnapping).[[17]]
Merger is appropriate "only when a crime is elevated to a higher degree by proof of another crime proscribed elsewhere in the criminal code."[18]
Under Washington's criminal code, use of a deadly weapon and kidnapping the victim serve as independent bases on which to elevate a rape charge to rape in the first degree.[19] Therefore, when a defendant is convicted under the kidnapping provision of the first degree rape statute, the merger doctrine applies to the kidnapping offense "because it is one of the crimes accompanying the act of rape that elevate[s] it to a first degree felony."[20] DeRyke argues that because the State relied, at least in part, on the kidnapping offense to elevate the degree of the attempted rape charge, the kidnapping conviction should merge into the attempted rape conviction. The State contends merger was not appropriate here because DeRyke's use of a deadly weapon, and not the kidnapping offense, served as the basis for elevating the degree of the attempted rape charge. We agree with DeRyke.
The jury in this case was instructed that
A person commits the crime of rape in the first degree when that person engages in sexual intercourse with another person by forcible compulsion where the perpetrator uses or threatens to use a deadly weapon or what appears to be a deadly weapon or kidnaps the victim.[[21]]
Although the jury unanimously concluded that DeRyke was armed with a deadly weapon and that he kidnapped C.L., there is no way to tell which basis the jury relied upon in convicting DeRyke of attempted rape in the first degree. The State correctly points out that the charging document specified the attempted first degree rape charge was predicated on the use of a deadly weapon. But neither the jury instructions nor the verdict form required the jury to specify which act it chose to reach its verdict on the attempted rape charge. The State could have, but chose not to, submitted a proposed instruction that did not include kidnapping as a basis for finding DeRyke guilty of attempted rape in the first degree. Principles of lenity require us to interpret the ambiguous verdict in favor of DeRyke. We must therefore assume the jury based its verdict on De-Ryke's kidnapping of C.L. rather than on his use of a deadly weapon.[22] Because the attempted rape charge was elevated to a higher degree based on his kidnapping the victim, a separate crime defined in RCW 9A.40.020, the trial court erred by failing to merge *1230 DeRyke's kidnapping offense into his attempted first degree rape offense.[23]
The case is remanded to the trial court to merge the attempted rape and kidnapping convictions and to resentence DeRyke in accordance with this opinion. The convictions are affirmed.
GROSSE and KENNEDY, JJ., concur.
NOTES
[1] 26 Wash.App. 1, 9 n. 3, 612 P.2d 404 (1980).
[2] RAP 11.6.
[3] State v. Aumick, 126 Wash.2d 422, 429-30, 894 P.2d 1325 (1995).
[4] State v. Pirtle, 127 Wash.2d 628, 656, 904 P.2d 245 (1995), cert. denied, 518 U.S. 1026, 116 S.Ct. 2568, 135 L.Ed.2d 1084 (1996).
[5] State v. Brown, 132 Wash.2d 529, 605, 940 P.2d 546 (1997), cert. denied, 523 U.S. 1007, 118 S.Ct. 1192, 140 L.Ed.2d 322 (1998).
[6] State v. Mark, 94 Wash.2d 520, 526, 618 P.2d 73 (1980).
[7] State v. Smith, 131 Wash.2d 258, 263, 930 P.2d 917 (1997).
[8] Id. at 262-63, 930 P.2d 917.
[9] State v. Pope, 100 Wash.App. 624, 630, 999 P.2d 51, review denied, 141 Wash.2d 1018, 10 P.3d 1074 (2000).
[10] The to convict instruction mirrors the Washington Pattern Jury Instruction for attempt crimes, which reads in part:

To convict the defendant of the crime of attempted (fill in crime), each of the following elements of the crime must be proved beyond a reasonable doubt:
(1) That on or about the ___ day of ______, 19 ___, the defendant did an act which was a substantial step toward the commission of (fill in crime);
(2) That the act was done with the intent to commit (fill in crime); and
(3) That the acts occurred in the State of Washington.
WPIC 100.02.
[11] See Aumick, 126 Wash.2d at 429, 894 P.2d 1325.
[12] DeRyke cites no authority for the proposition that the elements of the crime allegedly attempted by the defendant must be included in the to convict instruction for the crime of attempt. The "Note on Use" to WPIC 100.02 contemplates giving a separate elements instruction delineating the elements of the crime attempted. Instruction 10 adequately informed the jury of the elements of the crime of rape in the first degree.
[13] The State concedes that DeRyke is entitled to challenge his sentence for the first time on appeal on the basis that it is contrary to law. State v. Anderson, 92 Wash.App. 54, 61, 960 P.2d 975 (1998), review denied, 137 Wash.2d 1016, 978 P.2d 1099 (1999). Because we address the sentencing errors DeRyke raises here, we need not consider DeRyke's ineffective assistance of counsel claim.
[14] State v. Flett, 98 Wash.App. 799, 806, 992 P.2d 1028, review denied, 141 Wash.2d 1002, 10 P.3d 404 (2000).
[15] RCW 9A.20.021.
[16] RCW 9.94A.510(3)(g).
[17] State v. Vladovic, 99 Wash.2d 413, 421, 662 P.2d 853 (1983).
[18] State v. Parmelee, 108 Wash.App. 702, 710, 32 P.3d 1029 (2001).
[19] RCW 9A.44.040(1)(a), (b).
[20] State v. Eaton, 82 Wash.App. 723, 730, 919 P.2d 116 (1996).
[21] (Emphasis added.)
[22] See State v. Taylor, 90 Wash.App. 312, 317, 950 P.2d 526 (1998) (interpreting ambiguous verdict in defendant's favor); United States v. Baker, 16 F.3d 854, 857-58 (8th Cir.1994) ("When a defendant is convicted by an ambiguous verdict that is susceptible of two interpretations for sentencing purposes, he may not be sentenced based upon the alternative producing the higher sentencing range.").
[23] We therefore need not decide whether DeRyke's crimes were the same criminal conduct.