73 P.3d 1000 (2003)
149 Wash.2d 906
STATE of Washington, Respondent,
v.
Patrick A. DeRYKE, Petitioner.
No. 72629-9.
Supreme Court of Washington, En Banc.
Argued March 27, 2003.
Decided August 7, 2003.
*1001 Washington Appellate Project, Cheryl Aza, Seattle, for petitioner.
Thomas E. Seguine, Skagit County Prosecutor, Erik Pedersen, Deputy, for respondent.
SANDERS, J.
Patrick A. DeRyke argues he was denied due process of law because the jury instruction for attempted rape neither specified the degree of rape he allegedly attempted nor set forth the elements of the crime of rape in the first degree, thereby forcing the jurors to refer to other instructions or to speculate as to the elements of the offense. We hold the instruction was constitutionally infirm but find the error harmless because the jury was provided with only one definition of rape, *1002 that of first degree rape. Accordingly we affirm DeRyke's conviction of attempted first degree rape.

FACTS
Thirteen-year-old C.L. was walking home from the bus stop after school when she was grabbed by the neck and pulled into a wooded area by a man with a gun. The man, whom she recognized as "Pat," walked her into the woods until they reached a gully. He pointed the gun at her and told her, "If you say anything I'll blow your brains out." Shortly after he began to remove her clothes, an unidentified dark-haired man approached and said, "`What do you think you are doing? Get out of here.'" At that point, "Pat" ran away from the scene. State v. DeRyke, 110 Wash.App. 815, 818, 41 P.3d 1225 (2002).
The State charged DeRyke with attempted rape in the first degree with a firearm enhancement and kidnapping in the first degree with a firearm enhancement. Instructions 10, 11, and 12, submitted by the State, were based on WPIC 100.01, .02, and 40.01. 11 & 11A Washington Pattern Jury Instructions: Criminal (2d ed.1994). Instruction 12 states in relevant part:
To convict the defendant of the crime of attempted rape, each of the following elements of the crime must be proved beyond a reasonable doubt:
(1) That on or about the 23rd day of February, 2000, the defendant did an act which was a substantial step toward the commission of rape;
(2) That the act was done with the intent to commit rape; and
(3) That the acts occurred in the State of Washington.
. . . .
Clerk's Papers (CP) at 41.
Instruction 11 defines the crime of attempted rape: "A person commits the crime of attempted rape when, with intent to commit that crime, he or she does any act which is a substantial step toward the commission of that crime." Id. at 40.
Instruction 10 defines first degree rape: "A person commits the crime of rape in the first degree when that person engages in sexual intercourse with another person by forcible compulsion where the perpetrator uses or threatens to use a deadly weapon or what appears to be a deadly weapon or kidnaps the victim." Id. at 39. The verdict form stated DeRyke was charged with attempted rape in the first degree with firearm enhancement. Id. at 47. The jury received no other instructions pertaining to rape.
The jury convicted DeRyke on both charges and returned special verdicts finding he was armed with a firearm during the commission of both offenses. The trial court imposed a sentence of 150 months for the attempted first degree rape conviction with firearm enhancement and 124 months for the first degree kidnapping conviction with firearm enhancement. The court ordered that the sentences run consecutively.
DeRyke appealed. The Court of Appeals reversed DeRyke's conviction for first degree kidnapping on the ground it should merge with his conviction for first degree rape, and it remanded for resentencing because DeRyke's sentence for attempted first degree rape exceeded the statutory maximum. DeRyke, 110 Wash.App. at 817, 41 P.3d 1225. However, it rejected DeRyke's contention that Instruction 12 violated his right to due process of law because it neither specified the degree of rape he allegedly attempted nor set forth the elements of the crime of rape in the first degree. Id. at 821, 41 P.3d 1225. The Court of Appeals so concluded because the instruction contained both elements of the attempted crimeintent and substantial stepand the verdict form clearly indicated he was charged with attempted rape in the first degree with firearm enhancement. Id.
DeRyke petitioned for discretionary review on his due process claim, which we granted. State v. DeRyke, 148 Wash.2d 1001, 60 P.3d 1211 (2003).

STANDARD OF REVIEW
We review a challenged jury instruction de novo. State v. Pirtle, 127 Wash.2d 628, 656, 904 P.2d 245 (1995).

*1003 ANALYSIS
DeRyke claims the to convict instruction for attempted first degree rape was faulty in two respects: first it did not provide the elements of first degree rape and, second, it did not specify the degree of rape allegedly attempted.
He is correct that "a `to convict' instruction must contain all of the elements of the crime because it serves as a `yardstick' by which the jury measures the evidence to determine guilt or innocence." State v. Smith, 131 Wash.2d 258, 263, 930 P.2d 917 (1997). Moreover a reviewing court may not rely on other instructions to supply the element missing from the "to convict" instruction. Id. at 262-63, 930 P.2d 917. An attempt crime contains two elements: intent to commit a specific crime and taking a substantial step toward the commission of that crime. RCW 9A.28.020(1); State v. Chhom, 128 Wash.2d 739, 742, 911 P.2d 1014 (1996).
Instruction 12 is based on WPIC 100.02. DeRyke relies on the accompanying "Note on Use" to support his argument that an attempt instruction should provide the elements of the crime allegedly attempted. But the "Note on Use" does not support DeRyke's contention. It states in relevant part:
If attempt to commit the crime is being submitted to the jury along with the crime charged, the jury will be receiving instructions defining and setting out the elements of the crime charged. If the basic charge is an attempt to commit a crime, a separate elements instruction must be given delineating the elements of that crime. This may require a modification of the instruction in WPIC that defines that particular crime so that the elements of that crime are delineated as separate elements necessary to constitute that crime.
WPIC 100.02. The "Note on Use" does not suggest modifying the "to convict" instruction for the attempt crime to include the elements of the crime allegedly attempted. It suggests modifying the instruction defining the substantive crime so that the elements of that crime are delineated as separate elements. Here the court complied with the "Note on Use." The charge was attempted first degree rape, whereas the jury received a separate elements instruction for first degree rape, which separately listed the elements of that crime.
DeRyke also relies on State v. Pope, 100 Wash.App. 624, 999 P.2d 51 (2000), which reversed a defendant's conviction for bail jumping because the "to convict" instruction referred to "a felony matter," but did not identify the felony, for which the defendant was allegedly held, charged, or convicted. Reasoning that "one of the elements of bail jumping is that the defendant was held for, charged with, or convicted of a particular crime," the court held the omission of the specific charge rendered the instruction constitutionally infirm. Id. at 629, 999 P.2d 51. Pope stands for the principle that "to convict" instructions must provide a correct statement of all the necessary elements. Because Instruction 12 does not specify the degree of rape allegedly attempted, it failed to inform the jury that the State must prove intent to commit first degree rape as well as taking a substantial step toward the commission of that crime. Accordingly, we hold it was error to give the jury a "to convict" instruction for the charge of attempted first degree rape which did not specify the degree of the rape allegedly committed.
However, the next question is whether DeRyke is entitled to an automatic reversal or whether we must subject his claim to a harmless error analysis. While acknowledging State v. Brown, 147 Wash.2d 330, 58 P.3d 889 (2002) generally subjects erroneous jury instructions to a harmless error analysis, DeRyke asks us to create an exception for "to convict" instructions. DeRyke relies on this court's repeated admonition that "to convict" instructions form "a complete statement of the elements of the crime charged." State v. Emmanuel, 42 Wash.2d 799, 819, 259 P.2d 845 (1953). But Brown requires a reversal only when an "omission or misstatement in a jury instruction relieves the State of its burden" of proving every essential element of the crime. Brown, 147 Wash.2d at 339, 58 P.3d 889. DeRyke would be eligible for an automatic reversal only if the trial court failed to instruct the jurors on all the *1004 elements. Because Instruction 12 included the elements of attempt and Instruction 10 defined the crime allegedly attempted, he is not entitled to an automatic reversal.
DeRyke argues that even under the harmless error analysis he is entitled to a reversal because the jury could have employed some other definition of rape, other than the definition of first degree rape provided in Instruction 10. Under the harmless error analysis an error is presumed prejudicial unless we conclude the error could not have rationally affected the verdict.[1]State v. Clark, 143 Wash.2d 731, 775-76, 24 P.3d 1006, cert. denied, 534 U.S. 1000, 122 S.Ct. 475, 151 L.Ed.2d 389 (2001).
It is elementary that a person cannot be convicted of rape per se, but only of a specific degree of rape. First degree rape requires forcible intercourse plus a weapon, abduction, or serious injury. RCW 9A.44.040. DeRyke does not challenge his conviction for first degree kidnapping. This conviction demonstrates the jury found DeRyke committed an act that could have constituted a substantial step toward the commission of attempted first degree rape, i.e., kidnapping. Id. The more difficult question is whether the jury could have convicted DeRyke of attempted first degree rape without finding he had the requisite intent to commit first degree rape.
First degree rape contains no mens rea element. RCW 9A.44.040; see also Chhom, 128 Wash.2d at 742 n. 4, 911 P.2d 1014 (noting that all rape crimes lack a mens rea element). Where, as here, the crime is defined in terms of acts causing a particular result, a defendant charged with attempt must have specifically intended to accomplish that criminal result. Chhom, 128 Wash.2d at 742, 911 P.2d 1014. Chhom held the intent required to attempt first degree rape of a child is the intent to have sexual intercourse. Id. at 743, 911 P.2d 1014. Thus, minimally the State would need to prove DeRyke intended to have sexual intercourse with his victim. But unlike first degree rape of a child, first degree rape of an adult requires proof of forcible compulsion. RCW 9A.44.073, .040. To satisfy the intent element of attempted first degree rape of an adult, the State must prove the defendant's intent to have forcible sexual intercourse.
Because second and third degree rape crimes do not necessarily require proof of forcible compulsion, see RCW 9A.44.050, .060, a jury following Instruction 12 could have convicted a defendant of attempted first degree rape without finding proof of intent to have sexual relations by forcible compulsion if it were also instructed to consider the lesser rape charges. Here, however, the jury had no occasion to confuse the various degrees of rape. The trial court did not allow the jury to consider attempted second or third degree rape; Instruction 10, which provided the elements of first degree rape, was the only instruction that defined rape. Accordingly, we find the error harmless and affirm the conviction.
ALEXANDER, C.J., and JOHNSON, MADSEM, IRELAND, BRIDGE, CHAMBERS, OWENS and FAIRHURST, JJ., concur.
NOTES
[1] The State argues the error was harmless because "DeRyke did not contest one of the essential elements or even the peripheral elements of the definition of Rape in the First Degree, but instead claimed the victim was making up an allegation." Resp't's Supp. Br. at 17. But that is beside the point. DeRyke does not argue he was denied a trial in which he could argue a theory of the case based upon the correct elements of the charge. A defendant never bears the burden to disprove elements of a crime. State v. Brown, 147 Wash.2d 330, 339, 58 P.3d 889 (2002). Rather, DeRyke maintains his conviction violated due process because the erroneous instruction allowed the jury to convict him without proof of every element of the crime charged beyond a reasonable doubt.