IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31504-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GARY DON DUGGER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — A jury convicted Gary Dugger of third degree assault of a child for

bathing his 22-month-old son in scalding water. The "to convict" jury instruction omitted

essential elements of the crime—that Dugger was above the age of 18 and the child was

below the age of 13. Dugger contends the omission violated his due process rights

because it relieved the State of proving every element beyond a reasonable doubt. Since

Dugger stipulated to both these elements and relieved the State of proving these elements,

we affirm his conviction.

## PROCEDURE

A jury convicted Gary Dugger of third degree assault of a child for bathing his 22-

month-old son, P.D., in water so hot the child's skin stuck to his pajamas. An essential

element of third degree assault of a child is that the defendant is over the age of 18 and

the victim is under the age of 13. RCW 9A.36.140(1). The "to convict" instruction the

jury received for third degree assault of a child omitted these elements.

Before the court instructed the jury, Gary Dugger stipulated to his being over the age of 18 and his child under the age of 13 at the time of the scalding. To ensure Dugger knowingly and voluntarily relieved the state of its burden to prove these elements, the court engaged in the following colloquy:

> THE COURT: Mr. Dugger, would you state your name for the record?
> THE DEFENDANT: Gary Don Dugger.
> THE COURT: You can remain seated. Is your mind clear?
> THE DEFENDANT: Yes, sir.
> THE COURT: Are you under the influence of any substance?
> THE DEFENDANT: No, sir.
> THE COURT: And do you feel okay physically?
> THE DEFENDANT: Yes, sir.
> THE COURT: Mr. Dugger, you understand that you have the right to require the state to prove every element of the charge against you, including the fact that your son is under 13 and that you are over 18.
> THE DEFENDANT: Yes, sir.
> THE COURT: By this stipulation, you're relieving the state of the obligation to prove those two facts. Do you understand that?
> THE DEFENDANT: Yes, sir.
> THE COURT: And have you had a full opportunity to consult with your attorney about this waiver?
> THE DEFENDANT: Yes, sir.
> THE COURT: And do you, indeed, wish to waive that right and stipulate to those two facts?
> THE DEFENDANT: Yes, sir.
> THE COURT: Okay. Thank you. The waiver is acceptable and is received.

Report of Proceedings (RP) at 195-96. Satisfied that Dugger's stipulation was knowing and voluntary, the court read the stipulation to the jury:

Ladies and gentlemen, the parties have agreed that certain facts are true. You must accept as true the following facts: On or about January 27, 2012, the defendant, Gary Don Dugger, was over the age of 18, and that [name omitted] was under the age of 13.

RP at 307.

## LAW AND ANALYSIS

Gary Dugger asks this court to reverse his conviction because the "to convict" instruction the jury received, omitted essential elements of third degree assault of a child—his and the child's age. To uphold a conviction, the State must prove every essential element of a crime beyond a reasonable doubt. *State v. Sibert*, 168 Wn.2d 306, 311, 230 P.3d 142 (2010). In a jury trial, the "to convict" instruction given to the jury is the yardstick by which this court determines whether the State proved every element of a crime. *State v. DeRyke*, 149 Wn.2d 906, 910, 73 P.3d 1000 (2003). In general, an instruction that relieves the State of its burden to prove every element of a crime requires automatic reversal. *State v. Brown*, 147 Wn.2d 330, 339, 58 P.3d 889 (2002). But, not every omission or misstatement in a jury instruction relieves the State of its burden. *Brown*, 147 Wn.2d at 339. Instead an erroneous jury instruction that omits an element of the offense is subject to harmless error analysis. *Neder v. U.S.*, 527 U.S. 1, 9, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999); *Brown*, 147 Wn.2d at 340. Unlike such defects as the complete deprivation of counsel or trial before a biased judge, an instruction that omits an element of the offense does not necessarily render a criminal trial fundamentally unfair or

3

an unreliable vehicle for determining guilt or innocence. *Neder*, 527 U.S. 1 at 9.

When a to convict instruction omits an essential element of a charged crime, it is constitutionally defective and the remedy is a new trial unless the State can demonstrate that the omission was harmless beyond a reasonable doubt. *State v. Kirwin*, 166 Wn. App. 659, 669, 271 P.3d 310 (2012). A misstatement of the law in a jury instruction is harmless if the element is supported by uncontroverted evidence. *State v. Peters*, 163 Wn. App. 836, 850, 261 P.3d 199 (2011).

One illustrative decision is *State v. Baxter*, 134 Wn. App. 587, 141 P.3d 92 (2006). In *Baxter*, the trial court included the birthdate of the victim in the "to convict" instruction. Baxter complained that this relieved the State of proving an essential element, the child's age. The *Baxter* court agreed that the instruction was improper, but subjected the impropriety to harmless error analysis.

Gary Dugger's stipulation renders any error in the "to convict" instruction harmless. The evidence that Dugger was above the age of 18 and his child below the age of 13 at the time of the crime is uncontroverted—in fact, he stipulated to these elements.

CONCLUSION

We affirm Gary Dugger's conviction for third degree assault of a child.

No. 31504-5-III
*State v. Dugger*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Fearing, J.

WE CONCUR:

Korsmo, J.

Siddoway, C.J.