

COURT OF APPEALS
STATE OF WA.

2016 APR 18   12: 3

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
) No. 72803-2-I
    Respondent, )
) DIVISION ONE
v. )
)
BRANDON CHRISTOPHER PAMON, ) UNPUBLISHED OPINION
)
    Appellant. ) FILED: April 18, 2016
)

LEACH, J. — Brandon Pamon appeals from his conviction for attempted robbery in the first degree. He contends that the State violated his constitutional right to jury unanimity by failing to prove both alternative means of attempted robbery in the first degree. But Pamon fails to persuade the court that attempted robbery in the first degree is an alternative means offense. Nor has Pamon shown that the trial court abused its discretion in prohibiting him from consuming or possessing marijuana as a condition of community custody. Pamon's statement of additional grounds for review raises no meritorious issues. We affirm.

## FACTS

Geoffrey Vincent, a student at Seattle University, attended a band concert at a bar near the campus. Vincent left the bar at about 1:00 a.m. and started walking back to his apartment. As he approached 10th and Pike, Vincent walked past two young males and one female who were standing on the corner.

A short time after entering the Seattle University campus near 10th and Madison, Vincent heard "some quick steps coming up behind me, like someone running." Before Vincent could react, someone grabbed him from behind and started hitting him in the head and chest.

Vincent eventually fell to the ground, and the assault continued. Vincent noticed a second person was also hitting him. Someone asked Vincent what he had on him and started rifling through his pockets.

Vincent saw one of the assailants, later identified as K.M., a juvenile, holding a knife. Vincent discreetly reached into his pocket and pulled out a pocketknife. After opening the knife, Vincent jabbed K.M. in the thigh. At this point, K.M. and the other male, later identified as Brandon Pamon, backed away. Vincent recognized the two males as the ones he passed earlier on the corner; the same young female stood about 30 feet away.

After Vincent struggled to his feet, K.M. walked up and stabbed him in the chest. K.M., Pamon, and the young woman then ran away.

Vincent sought help at a nearby campus emergency call box. Campus personnel responded and called for paramedics. The paramedics took Vincent to Harborview Medical Center, where surgeons repaired a collapsed lung and punctured artery and right atrium.

The State charged Pamon with assault in the first degree and attempted robbery in the first degree and asserted a deadly weapon enhancement for each count. The court also instructed the jury on accomplice liability.

At trial, C.H., a juvenile, testified that she had been with K.M. and Pamon before the assault. She overheard a conversation between K.M. and Pamon indicating that they might be planning a robbery. At some point, C.H. saw K.M. and Pamon running after a man near the Seattle University campus. The man then ended up on the ground, with K.M. and Pamon punching him. After the man on the ground got up and pulled a knife, C.H. saw K.M. stab him. Pamon, K.M., and C.H. then ran off.

The jury found Pamon guilty as charged of attempted robbery in the first degree. The jury acquitted Pamon of assault in the first degree and found that he was not armed with a deadly weapon during the attempted robbery.

The trial court imposed a high-end standard range sentence of 76.5 months of confinement and 18.0 months of community custody. As a condition of community custody, the court prohibited Pamon from possessing or consuming marijuana.

ANALYSIS

Alternative Means

Pamon contends that the State violated his right to jury unanimity by failing to present sufficient evidence of both alternative means of committing attempted robbery in the first degree. Pamon provides no relevant legal argument to support this claim.

Article I, section 21 of the Washington Constitution guarantees a criminal defendant the right to a unanimous jury verdict. "This right may also include the right to a unanimous jury determination as to the means by which the defendant committed the crime when the defendant is charged with (and the jury is instructed on) an alternative means crime."[1] Generally, an alternative means crime "is one by which the criminal conduct may be proved in a variety of ways."[2] But "a defendant may not simply point to an instruction or statute that is phrased in the disjunctive in order to trigger a substantial evidence review of [his] conviction."[3]

"When a crime can be committed by alternative means, express jury unanimity as to the means is not required where each of the means is supported by substantial

---

[1] State v. Owens, 180 Wn.2d 90, 95, 323 P.3d 1030 (2014).
[2] Owens, 180 Wn.2d at 96.
[3] State v. Smith, 159 Wn.2d 778, 783, 154 P.3d 873 (2007).

-4-

evidence."[4] In this circumstance, "we infer that the jury rested its decision on a unanimous finding as to the means."[5] If there is insufficient evidence to support any of the alternative means, "a particularized expression of jury unanimity is required."[6]

Pamon's arguments rely primarily on the assertion that "[f]irst degree robbery is an alternative means crime." But the State charged Pamon with <u>attempted</u> first degree robbery.

"An attempt crime contains two elements: intent to commit a specific crime and taking a substantial step toward the commission of that crime."[7] Thus, the trial court's "to convict" instruction correctly required the State to prove (1) that Pamon "did an act that was a substantial step toward the commission of Robbery in the First Degree" and (2) that "the act was done with the <u>intent</u> to commit Robbery in the First Degree." (Emphasis added.)

Pamon notes that the trial court also instructed the jury: "A person commits the crime of robbery in the first degree when in the commission of a robbery or in immediate flight therefrom he or she is armed with a deadly weapon or inflicts bodily injury." He argues that because the evidence was insufficient to establish one of the

---

[4] <u>State v. Gonzales</u>, 133 Wn. App. 236, 243, 148 P.3d 1046 (2006).
[5] <u>State v. Ortega-Martinez</u>, 124 Wn.2d 702, 708, 881 P.2d 231 (1994).
[6] <u>Owens</u>, 180 Wn.2d at 95.
[7] <u>State v. DeRyke</u>, 149 Wn.2d 906, 910, 73 P.3d 1000 (2003); <u>see also</u> RCW 9A.28.020(1).

alternative means—that Vincent "sustained bodily injury during the commission of the attempted robbery"—the State violated his right to jury unanimity.

In order to establish attempted robbery in the first degree, the State was required to prove that Pamon took a substantial step with the intent to commit robbery in the first degree. The relevant intent for an attempt offense "is the intent to accomplish the criminal result of the base crime."[8] The definition of the base crime provides the requisite criminal result.[9] "A substantial step is an act that is 'strongly corroborative' of the actor's criminal purpose."[10] Given the elements of an attempt offense, Pamon fails to demonstrate the relevance of the State's alleged failure to prove beyond a reasonable doubt that Vincent sustained bodily injury during the attempted robbery.

In summary, Pamon has provided no authority or legal analysis addressing the application of alternative means to the elements of attempt crimes in general. Nor has he addressed the relevance of the alternative means of committing robbery in the first degree to the elements of the charged offense of attempted robbery in the first

---

[8] State v. Johnson, 173 Wn.2d 895, 899, 270 P.3d 591 (2012).
[9] DeRyke, 149 Wn.2d at 913.
[10] Johnson, 173 Wn.2d at 899 (quoting State v. Luther, 157 Wn.2d 63, 78, 134 P.3d 205 (2006)).

degree. We therefore reject Pamon's claim that the trial court denied his right to jury unanimity.[11]

Community Custody Condition

Pamon challenges a community custody condition that prohibits him from possessing or consuming marijuana. He claims no evidence established that his use of marijuana was crime related or that it contributed to the offense. When imposing the condition, the trial court commented that "there was testimony that that was part of the issue, just the selfish greed for money to get marijuana."

RCW 9.94A.703 authorizes the sentencing court to impose certain conditions of community custody, including ordering the defendant to comply "with any crime-related prohibitions."[12] A crime-related prohibition means "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted."[13] We review a trial court's imposition of crime-related prohibitions for an abuse of discretion.[14]

---

[11] See RAP 10.3(a)(4), (6); Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011) (declining to consider an inadequately briefed argument).

[12] RCW 9.94A.703(3)(f).

[13] RCW 9.94A.030(10).

[14] State v. Warren, 165 Wn.2d 17, 32, 195 P.3d 940 (2008).

C.H. testified that when she met up with Pamon and K.M. before the assault, the three of them "decided to smoke . . . [w]eed, marijuana." K.M. and Pamon later said "something about, 'We're going to go do something.'" C.H. acknowledged that the two were possibly talking about a robbery. K.M. also "said something about him needing money to get weed."

Although C.H.'s testimony was relatively vague and did not attribute specific words to Pamon, she indicated the conversations she overheard were between K.M. and Pamon. Viewed together, Pamon's smoking of marijuana and his apparent participation in conversations about committing a possible robbery and the need to get money for marijuana, followed by his participation in an attempted robbery, support a reasonable inference that possession or consumption of marijuana had a direct relation to the charged offense. Pamon fails to demonstrate that the trial court abused its discretion in imposing this community custody condition.

Statement of Additional Grounds for Review

In his statement of additional grounds for review, Pamon contends that insufficient evidence supports his conviction because the jury found him not guilty of assault in the first degree and not armed with a deadly weapon. He argues that the evidence was "therefore minus two elements of the charge of robbery in the first degree and [there was] no jury instruction of lesser charges."

But as already indicated, the State charged Pamon with attempted robbery in the first degree, not first degree robbery. The court also instructed the jury on accomplice liability. Consequently, the jury's verdicts on assault in the first degree and the deadly weapon enhancement did not undermine the sufficiency of the evidence to support Pamon's conviction.

Pamon also claims that the trial court's reasonable doubt instruction, which was based on Washington Pattern Jury Instruction: Criminal 4.01,[15] was constitutionally deficient. Pamon concedes, however, that our Supreme Court has repeatedly directed trial courts to use WPIC 4.01 to instruct juries on the burden of proof and the definition of reasonable doubt.[16] In State v. Kalebaugh, the Supreme Court recently reaffirmed that WPIC 4.01 was "the correct legal instruction on reasonable doubt."[17] Pamon's challenge to WPIC 4.01 must therefore be directed to our Supreme Court.

---

[15] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.01, at 85 (3d ed. 2008) (WPIC).

[16] See State v. Bennett, 161 Wn.2d 303, 318, 165 P.3d 1241 (2007); see also State v. Castillo, 150 Wn. App. 466, 469, 208 P.3d 1201 (2009).

[17] 183 Wn.2d 578, 586, 355 P.3d 253 (2015).

Affirmed.

WE CONCUR:

_Leach, J._

_Dwyer, J_     _Appelwick, J_