**FILED**
**MARCH 7, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35184-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BOGAR RIVERA-ZAMORA, | ) | OPINION PUBLISHED IN PART |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Bogar Rivera-Zamora appeals his convictions for delivery of a

controlled substance (methamphetamine) and possession of a controlled substance with

intent to deliver, arguing that the "to convict" instruction was deficient, and the trial court

erred in refusing an entrapment instruction. We affirm.

## FACTS

On December 18, 2015, an undercover detective, posing as a prospective drug

buyer, attempted to make contact with a suspected dealer in a downtown Chelan

apartment building. After knocking on the door of the apartment, a nearby apartment

door opened and Mr. Rivera-Zamora exited, asking the detective what he was doing. The

detective spoke to Mr. Rivera-Zamora briefly and explained that he was looking to buy

cocaine. Mr. Rivera-Zamora responded that he did not have cocaine but could help him get some "crystal." The detective agreed and the two made arrangements for the purchase of methamphetamine. As arranged, Mr. Rivera-Zamora took the detective's money and returned with a small bag, set it down and motioned for the detective to come and take it. The bag later tested positive for methamphetamine.

The detective returned February 2, 2016, and again was able to purchase methamphetamine from Mr. Rivera-Zamora. Nine days later, after an unsuccessful attempt to buy more methamphetamine, officers executed a search warrant for Mr. Rivera-Zamora's apartment. During the search, deputies found a total of $1,765 in Mr. Rivera-Zamora's pockets, and two digital scales in the apartment. He told officers where to find a bag of methamphetamine inside a plastic glove in a cereal box. The plastic glove weighed 11.7 grams and tested positive for methamphetamine.

Mr. Rivera-Zamora was arrested and spoke with two detectives. He admitted that he used methamphetamine and "sold to a few people" to sustain his personal use. Mr. Rivera-Zamora was subsequently charged with two counts of delivery of a controlled substance, possession of a controlled substance with intent to deliver, and maintaining a drug property. Three of the charges included allegations that the offenses occurred within 1,000 feet of school grounds and/or a school bus stop.

At trial, Mr. Rivera-Zamora requested an entrapment instruction on the first delivery charge, arguing that his testimony detailing the detective's badgering behavior

2

was sufficient to persuade a reasonable jury of the existence of the defense. In denying

the instruction, the trial court explained that the proposed instruction was an incorrect

statement of the law and inaccurate.[1] The court also determined that the testimony was

insufficient under the case law to support the instruction.

The jury convicted as charged and found the enhancements had been established.

Mr. Rivera-Zamora received a prison-based drug offender sentencing alternative (32

months in prison followed by 32 months' community custody).

Mr. Rivera-Zamora timely appealed to this court. A panel considered the appeal

without hearing argument.

ANALYSIS

This opinion addresses two issues. First, we consider Mr. Rivera-Zamora's

challenge to the sentence on the charge of possession with intent to deliver. We then turn

to the claim that the trial court erred in denying his proposed entrapment instruction.

*Possession with Intent Sentence*

Mr. Rivera-Zamora first argues that the omission of the identity of the controlled

substance in the elements instruction for the charge of possession with intent to deliver

requires resentencing for the imposition of a lesser felony. We conclude that despite the

---

[1] The proposed instruction varied from the pattern instruction by failing to set forth the proper burden of proof. Clerk's Papers at 24.

omission of the word "methamphetamine" in the "to convict" instruction, he has not established manifest constitutional error.

The omission of an element from a "to convict" instruction is an error of constitutional magnitude that may be raised for the first time on appeal. *State v. Mills*, 154 Wn.2d 1, 6, 109 P.3d 415 (2005). We review alleged instructional error de novo. *State v. Brooks*, 142 Wn. App. 842, 848, 176 P.3d 549 (2008).

A "to convict" instruction must contain all the elements of the crime "because it serves as a 'yardstick' by which the jury measures the evidence to determine guilt or innocence." *State v. Smith*, 131 Wn.2d 258, 263, 930 P.2d 917 (1997). "[A] reviewing court may not rely on other instructions to supply the element missing from the 'to convict' instruction." *State v. DeRyke*, 149 Wn.2d 906, 910, 73 P.3d 1000 (2003). Where the identity of a controlled substance increases the statutory maximum sentence, the identity of the substance is an essential element. *State v. Goodman*, 150 Wn.2d 774, 785, 83 P.3d 410 (2004). Omission of an essential element is subject to harmless error analysis. *State v. Brown*, 147 Wn.2d 330, 332, 58 P.3d 889 (2002). A jury instruction that omits an essential element is harmless if it appears beyond a reasonable doubt the error did not contribute to the verdict. *Id.* at 341. The omitted element must be supported by "uncontroverted evidence," and the reviewing court must be able to "'conclude beyond a reasonable doubt that the jury verdict would have been the same absent the

4

error.'" *Id.* (quoting *Neder v. United States*, 527 U.S. 1, 19, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999)).

In *Clark-El*, the defendant was tried on a charge of delivery of methamphetamine, a class B felony. *State v. Clark-El*, 196 Wn. App. 614, 618, 384 P.3d 627 (2016). The "to convict" instruction did not identify the controlled substance and the jury found Clark-El guilty of the crime of delivery of a controlled substance. *Id.* at 618-19. The trial court sentenced him for delivery of methamphetamine. *Id.* at 618.

On appeal, Division One of this court held that it was error not to identify the substance in the elements instruction, but the error was harmless as to Clark-El's conviction. *Id.* at 620. However, the error was not harmless as to the sentence because the verdict did not authorize the sentence imposed. *Id.* at 624. "The sentencing judge imposed a sentence as if the jury had found Clark-El delivered methamphetamine, a class B felony, when the only finding stated in the verdict was that Clark-El was guilty of the crime of delivery of 'a controlled substance.'" *Id.* Because delivery of an unspecified controlled substance is a class C felony, the court held that the sentencing court erred in imposing a sentence for a class B felony. *Id.*

This case is distinguishable from *Clark-El*. Here, the jury's *verdict* included the identity of the controlled substance, even if the elements instruction omitted it. Thus, the error was harmless as to Mr. Rivera-Zamora's conviction. Mr. Rivera-Zamora told

officers where to locate the substance after his arrest and there was no conflicting testimony challenging the identity of the substance found in his apartment.

As to the sentence, the charging document stated the identity of the substance Mr. Rivera-Zamora allegedly possessed with intent to deliver. Additionally, although the elements instruction omitted the word "methamphetamine," the verdict form stated unequivocally that it found Mr. Rivera-Zamora guilty of unlawful possession of a controlled substance with intent to deliver—methamphetamine. Because the jury expressly found that Mr. Rivera-Zamora possessed methamphetamine with intent to deliver, the sentence was authorized. The court did not err in sentencing him for that offense.

The error in the elements instruction was harmless.

Affirmed.

A majority of the panel having determined that only the forgoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder having no precedential value shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

*Entrapment Instruction*

Mr. Rivera-Zamora next argues that the trial court erred in failing to provide the jury with an entrapment instruction for one of the charges of delivery of a controlled substance. The trial court did not abuse its discretion.

Trial courts have an obligation to provide instructions that correctly state the law, are not misleading, and allow the parties to argue their respective theories of the case. *State v. Dana*, 73 Wn.2d 533, 536-37, 439 P.2d 403 (1968). A court should give an instruction only if it is supported by substantial evidence. *State v. Hughes*, 106 Wn.2d 176, 191, 721 P.2d 902 (1986). The trial court also is granted broad discretion in determining the wording and number of jury instructions. *Petersen v. State*, 100 Wn.2d 421, 440, 671 P.2d 230 (1983). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The defense of entrapment is statutory:

(1) In any prosecution for a crime, it is a defense that:
   (a) The criminal design originated in the mind of law enforcement officials, or any person acting under their direction, and
   (b) The actor was lured or induced to commit a crime which the actor had not otherwise intended to commit.
   (2) The defense of entrapment is not established by a showing only that law enforcement officials merely afforded the actor an opportunity to commit a crime.

RCW 9A.16.070.

"With respect to the quantum of proof necessary to entitle a defendant to an entrapment instruction . . . a defendant must present evidence which would be sufficient to permit a reasonable juror to conclude that the defendant has established the defense of entrapment by a preponderance of the evidence." *State v. Trujillo*, 75 Wn. App. 913, 917, 883 P.2d 329 (1994). The entrapment defense focuses "'on the intent or

7

predisposition of the defendant to commit the crime.'" *Hampton v. United States*, 425

U.S. 484, 488, 96 S. Ct. 1646, 1649, 48 L. Ed. 2d 113 (1976) (quoting *United States v.*

*Russell*, 411 U.S. 423, 429, 93 S. Ct. 1637, 36 L. Ed. 2d 366 (1973)). Entrapment occurs

only when the criminal design originated in the mind of the police officer or informer,

and the accused is lured or induced into committing a crime he had no intention of

committing. RCW 9A.16.070; *State v. Waggoner*, 80 Wn.2d 7, 10, 490 P.2d 1308

(1971). An undercover officer or police informant's use of a "normal amount of

persuasion to overcome the defendant's expected resistance to sell drugs is not

entrapment; nor is the use of deception, trickery, or artifice by the police." *Trujillo*, 75

Wn. App. at 918. In order to show entrapment, a defendant must show more than mere

reluctance on his or her part to violate the law. *State v. Enriquez*, 45 Wn. App. 580, 585,

725 P.2d 1384 (1986). A scintilla of evidence is not sufficient to justify an entrapment

instruction. *State v. Gray*, 69 Wn.2d 432, 434-35, 418 P.2d 725 (1966).

Taking the evidence in the light most favorable to Mr. Rivera-Zamora, the

detective asked Mr. Rivera-Zamora three or four times to help him purchase some

cocaine. Mr. Rivera-Zamora did not present any evidence showing more than a mere

reluctance to acquiesce to the requests. The trial court's remarks on the issue further

confirm this conclusion. The trial court pointed out that although the detective made

three or four requests, Mr. Rivera-Zamora believed he was helping another fellow drug

addict. Mr. Rivera-Zamora did not present sufficient evidence to persuade a reasonable

jury that he had established the defense by a preponderance of the evidence. The trial court did not err by refusing to instruct the jury on the defense of entrapment.

Affirmed.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, A.C.J.

9