IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36660-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PAULA M. GARDNER, | ) | OPINION PUBLISHED IN PART |
| | ) | |
| Appellant. | ) | |

KORSMO, A.C.J. — Paula Gardner appeals from convictions for first degree

burglary and possession of a controlled substance. In the published portion of this

opinion, we address her challenge to the verdict form used for the possession count. In

the unpublished portion, we address her challenge to the State's withdrawal from its plea

agreement with Ms. Gardner. Overall, we affirm the convictions and remand to strike a

provision of the sentence.

FACTS

Ms. Gardner was tried in the Lincoln County Superior Court on the two noted

charges after the State was able to withdraw Ms. Gardner's guilty plea to a criminal

trespassing charge due to her breach of a cooperation agreement. At trial, the evidence

showed that Ms. Gardner possessed methamphetamine at the time she was arrested for

burglary.

The charging document accused her of possessing methamphetamine. The

elements instruction required the jury to find beyond a reasonable doubt that Ms. Gardner

"possessed a controlled substance." Another instruction advised the jury that

methamphetamine was a controlled substance. The verdict form directed the jurors to

determine whether Ms. Gardner was guilty or not guilty

> of the crime of Possession of a Controlled Substance—other than
> Marijuana in Count II.

Clerk's Papers at 292.

The jury convicted Ms. Gardner on the two charged counts. The trial court

imposed an exceptional sentence composed of consecutive terms due to the defendant's

exceptionally high offender score. Ms. Gardner timely appealed to this court. A panel

considered her appeal without conducting oral argument.

ANALYSIS

The appeal raises challenges to the revocation of the original guilty plea, a provision

of the judgment and sentence, and to the verdict form used on the drug possession count.

We address the latter issue first.

Ms. Gardner argues that the failure of either the elements instruction or the verdict

form to identify methamphetamine as the drug she possessed resulted in an unauthorized

2

sentence. This issue is one that has divided the appellate courts. *See State v. Sibert*, 168

Wn.2d 306, 230 P.3d 142 (2010). She primarily relies on the Division One decision in

*State v. Clark-El*, 196 Wn. App. 614, 618, 384 P.3d 627 (2016), and this court's adoption

of *Clark-El* in *State v. Barbarosh*, 10 Wn. App. 2d 408, 448 P.3d 74 (2019).

Those cases stand for the proposition that where an elements instruction does not

identify the controlled substance, a general verdict form that merely finds a defendant

guilty of "possession of a controlled substance" does not authorize the trial court to

sentence as if the offender possessed a particular controlled substance. *Barbarosh*, 10

Wn. App. 2d at 418. Instead, the court must sentence consistent with the lowest possible

drug possession offense, misdemeanor possession of marijuana. *Id*. at 418-419.

However, a verdict form that identifies the controlled substance found by the jury

is sufficient to authorize sentencing for that particular substance, even if the elements

instruction did not specify a specific controlled substance. *State v. Rivera-Zamora*, 7

Wn. App. 2d 824, 828-830, 435 P.3d 844 (2019). Courts must look to the entirety of the

jury instructions in determining whether a jury verdict authorizes a particular sentence.

*Barbarosh*, 10 Wn. App. 2d at 410-411, 418.

The drug sentencing table places all felony controlled substance possession cases in

seriousness level one. RCW 9.94A.518. The assigned sentencing level is one of two

components of sentencing under the drug sentencing grid. RCW 9.94A.517. In contrast,

marijuana possession less than 40 grams is sentenced as a misdemeanor in accordance with RCW 69.50.4014.

Here, the verdict form reflects the jury's determination that Ms. Gardner possessed a controlled substance other than marijuana. We conclude that form is adequate to take this case outside of *Barbarosh*. The jury expressly found that the appellant possessed a controlled substance that was not marijuana. Although a negative finding, it was sufficient to place Ms. Gardner's offense within the scope of the felony drug sentencing grid because it eliminated marijuana as a basis for the conviction.

The verdict form authorized the sentence imposed. The court did not err.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

Ms. Gardner also challenges the revocation of her cooperation agreement and ensuing withdrawal of her original guilty plea as well as the imposition of community supervision fees. The State concedes error on the latter argument and we accept the concession. The trial court may not impose discretionary LFOs on indigent defendants. *State v. Ramirez*, 191 Wn.2d 732, 750, 426 P.3d 714 (2018). Accordingly, we remand for the court to strike the supervision fee.

4

No. 36660-0-III
*State v. Gardner*

The revocation issue is the primary focus of the appellate briefing. We have

explained the basic principles governing this issue:

> A plea agreement is a contract with constitutional implications. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188-89, 94 P.3d 952 (2004). If a defendant breaches a plea agreement, the State may rescind it. *State v. Thomas*, 79 Wn. App. 32, 36-37, 899 P.2d 1312 (1995). However, before doing so the State must prove breach by a preponderance of the evidence. *In re Pers. Restraint of James*, 96 Wn.2d 847, 850-51, 640 P.2d 18 (1982).

*State v. Townsend*, 2 Wn. App. 2d 434, 438, 409 P.3d 1094 (2018).

We review the trial court's decision to withdraw a guilty plea for abuse of

discretion. *State v. Blanks*, 139 Wn. App. 543, 548, 161 P.3d 455 (2007). Findings of

fact are reviewed for substantial evidence. *Id.* Discretion is abused when it is exercised

on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d

12, 26, 482 P.2d 775 (1971). Substantial evidence is that sufficient to persuade a fair-

minded, rational person of the truth of the evidence. *World Wide Video, Inc. v. City of

Tukwila*, 117 Wn.2d 382, 387, 816 P.2d 18 (1991).

The court conducted two hearings, with Ms. Gardner represented by different

attorneys at each hearing, concerning the revocation of the agreement and withdrawal of

the plea. Although the State's case against both Gardner and Michael Jackson on the

burglary case was strong, the State offered Gardner the trespassing charge after she

reported that both Jackson and a mutual friend, Robert Brown, had threatened to kill her.

The reduced charge would protect Gardner and gain her testimony against both men. The

5

State moved to revoke the agreement after finding no corroboration of the threats and learning that Gardner had lied to law enforcement concerning her relationship with the two men.

After the reconsideration hearing, the court entered extensive findings that include a lengthy recitation of the evidence presented by each side.[1] Although Ms. Gardner properly assigns error to numerous findings, much of her argument is misplaced. The question on appeal is whether the evidence supported the findings the court did make rather than whether the court should have found Ms. Gardner's version of events a more credible explanation. Since she does not point to specific evidentiary problems with the findings the court did make (other than her contrary testimony), we need not discuss the basis for those findings.

At issue here was whether Ms. Gardner misled the prosecutor and law enforcement. The trial court found that she did do so, leading the State to dismiss charges against the two men in light of the lack of evidence and Gardner's self-impugned credibility. Despite alleging that she feared the two men, she continued to see them and even spent nights at Mr. Jackson's house. She also fabricated evidence of threats. The

---

[1] Unless a court is going to expressly find or reject each statement, a detailed recitation of the evidence is unnecessary and a summary of evidence presented is sufficient to set the stage for the trial judge's findings and conclusions. This court will see the evidence presented through the transcript of the hearing and/or the filings designated amongst the clerk's papers.

trial court concluded that, far from being an abused victim, Ms. Gardner was the ringleader who orchestrated the group's criminal activities.

The evidence supported the trial court's determination that Ms. Gardner falsified a story that she was in danger from the two men. Since the need to protect her and prosecute the threats was the basis for offering her the initial deal, the State understandably sought to withdraw from the agreement. The trial court had very tenable reasons for permitting it.

The court did not abuse its discretion.

Affirmed and remanded.

_____
Korsmo, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.