[No. 1394.  Decided December 5, 1894.]

THE STATE OF WASHINGTON, *Respondent*, *v.* WILLIAM F. CONAHAN, *Appellant*.

CRIMINAL LAW—BURDEN OF PROOF—INSTRUCTIONS—HARMLESS ERROR—MAYHEM.

The burden can never be cast upon the defendant in a criminal prosecution of showing the non-existence of the facts constituting the crime with which he is charged.

In a prosecution for mayhem for biting off a man's ear, in which the defendant's own testimony showed that he was engaged in a fight with the injured party, that the fight was being waged by such party without the use of weapons and without any attempt on his part to inflict great bodily injury, an instruction that the burden of proof was upon defendant to show that he could not defend himself from bodily harm without resorting to such act, while clearly erroneous, cannot be said to be prejudicial.

*Appeal from Superior Court, Lewis County.*

*Elliott & Forney* and *Edward F. Hunter,* for appellant.

Upon the point that the burden of proof cannot be shifted to the defendant in criminal cases, counsel for appellant cite *Adams v. State,* 10 South. 106; *Phillips v. State,* 9 S. W. 557; *People v. Coughlin,* 35 N. W. 72; *People v. McWhorter,* 53 N. W. 780; *People v. Fong Ah Sing,* 28 Pac. 233.

*A. E. Rice,* Prosecuting Attorney, *Maurice A. Langhorne* and *James A. Haight,* for the State.

The opinion of the court was delivered by

HOYT, J.—Defendant was charged with having bitten off the ear of one Stapleton, and thereby committing the crime of mayhem. Trial was had, a verdict of guilty rendered, and judgment and sentence imposed; from which this appeal has been prosecuted.

Several errors are relied upon as reasons for reversal, but the principal ones refer to certain instructions given to the

jury. The instruction upon which the most vigorous attack was made was in the following language:

"If you find from the evidence beyond a reasonable doubt that Conahan did unlawfully and wilfully bite or bite off the whole or a part of the left ear of Stapleton, then the burden of proof is upon Conahan to show that he could not defend himself from bodily harm without resorting to biting the left ear of Stapleton ; and unless he does so satisfy you, the defendant is guilty, and such should be your verdict."

From which it will be seen that the learned court was of the opinion that, upon the fact of the injury having been shown, the burden of proving that it was inflicted under such circumstances as made it justifiable was cast upon the defendant. In our opinion this was error. That such was once the rule may be conceded, but the overwhelming weight of authority at this time is in favor of the rule that the burden of proof in cases of this kind never shifts to the defendant ; that at whatever stage of the case it may go to the jury, to award a verdict of guilty they must find that the facts necessary to constitute the crime charged have been proven, and that the burden of showing the non-existence of such facts is never upon the defendant. Under this rule it is the duty of the jury to acquit unless from the whole case it affirmatively appears that the facts necessary to constitute the crime charged existed as against the defendant. This, of course, does not in any manner change the rule that from certain acts certain intents will be presumed. But it is no longer the law that the burden of negativing an intent by a preponderance of proof is upon the defendant,

It follows that the court committed error in giving the instruction under consideration, and that for that reason the judgment and sentence must be reversed, unless it affirmatively appears from the record that the error was such as not to prejudice the rights of the defendant. For the purpose of determining this question we have carefully examined the record and are satisfied that the defendant could not have been injured. In our opinion the testimony of the defendant himself showed that he committed the

offense without any legal justification therefor. His testimony, considered in the light most favorable to him, only showed that he was engaged in a fight with the injured party ; that such fight was being waged by such party without the use of any weapons, and without any attempt on his part to inflict great bodily injury. Under these circumstances, the law did not justify a resort to such force as was likely to result in the death or maiming of his adversary. If it had been shown that the injured party was using, or threatening to use, any weapon or means of continuing the affray, which would have warranted a man of common prudence in believing that his life or limbs were in danger, it might have furnished justification for the infliction of the injury. But no such facts were made to appear. Upon the undisputed proofs, the defendant was guilty of the offense with which he was charged ; and as it will not be presumed that the jury would have found the facts more favorable to the defendant than those disclosed by his own undisputed testimony, it follows that a verdict of guilty would have been rendered under proper instructions, and that for that reason he was not injured by the giving of the erroneous ones.

For the same reason the defendant was not injured by the other rulings complained of, even if they were erroneous.

The judgment and sentence will be affirmed.

DUNBAR, C. J., and STILES and SCOTT, JJ., concur.