[No. 2227. Decided November 18, 1896.]

THE STATE OF WASHINGTON, *Respondent*, v. W. B. WITHEROW *et al., Appellants*.

CRIMINAL LAW — WHEN ERRONEOUS INSTRUCTIONS HARMLESS ERROR.

In a criminal prosecution, in which the only testimony introduced is on the part of the state, and there is no substantial conflict in that, but the proofs conclusively show the guilt of the defendant, errors committed in charging the jury are without prejudice.

Appeal from Superior Court, Spokane County.— Hon. NORMAN BUCK, Judge. Affirmed.

*Fitzgerald & Hopkins*, and *A. M. Winston*, for ppellants.

*J. W. Feighan*, Prosecuting Attorney, for The State.

*Per Curiam.*—The defendants were convicted of the crime of grand larceny and have appealed. Several questions were raised as to the sufficiency of the evidence relating to the proof of venue and the ownership of the goods, but the record discloses that there was proof showing that the goods were taken within the jurisdiction of the court, and sufficient proof of the ownership to sustain the verdict.

It is further contended that a motion for a continuance made by the defendants should have been granted, but we find nothing to show that the court abused its discretion in denying the same.

It is contended that certain of the instructions were erroneous, but it appears that the only testimony introduced in the case was upon the part of the state. Several witnesses were sworn who testified that the defendants admitted stealing the goods from a freight car on the Northern Pacific Railroad, and the goods were found in their possession. There was no substantial conflict in the testimony upon the part of the state either in the direct or cross examinations, and the proof conclusively showed that the defendants were guilty of the crime with which they were charged.

This being so, there was but one verdict that the jury could have rendered, and that was to find the defendants guilty, and if there was any error in the instructions, it was clearly error without prejudice. *Territory v. Gay*, 2 Dak. 125 (2 N. W. 477).

The judgment of conviction must be affirmed.