# FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE **MAR 1 4 2013**

_____
CHIEF JUSTICE

This opinion was filed for record
at 8:00 am on March 14, 2013

_____
for Ronald R. Carpenter
Supreme Court Clerk



# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

          Respondent,

    v.

DANIEL ALLEN FLAHERTY,

          Petitioner,

HUGH ANDREW SHAWGO,

          Defendant.

NO. 87751-3

EN BANC

Filed: **MAR 1 4 2013**

        PER CURIAM—Daniel Flaherty attempted to file a CrR 7.8 motion to vacate his 2005 conviction with the Spokane County Superior Court. The court refused to file the motion, deeming it untimely. Flaherty appealed, and the Court of Appeals dismissed the appeal by opinion, approving of the practice of refusing to file untimely CrR 7.8 motions. We reverse and remand with directions to file Flaherty's motion and process it in accordance with CrR 7.8(c)(2).

        Flaherty pleaded guilty in 2005 to conspiracy to deliver a controlled substance. Following a 2009 federal conviction, the 2005 conviction was considered in finding that Flaherty was a "career offender" subject to an increased sentence. A

year later, in November 2010, Flaherty tried to file a CrR 7.8 motion in superior court to vacate the 2005 conviction on the basis that his attorney had failed to advise him that pleading guilty could contribute to a "career offender" determination. The superior court returned the motion unfiled with a letter explaining that it was time barred and thus the court would take no action on it. Flaherty tried to file the motion again, arguing that it was timely under RCW 10.73.100(6) on the basis of a significant change in the law. The court also returned the second motion unfiled, explaining that it was untimely.

Flaherty filed a notice of appeal, arguing that the superior court erred in failing to forward his motion to the Court of Appeals for treatment as a personal restraint petition pursuant to CrR 7.8(c)(2). The State conceded that the superior court should have followed that procedure, but it argued that Flaherty's motion was clearly untimely, making any error harmless. But noting that the superior court did not deny the motion to vacate but rather refused to file it, the Court of Appeals in an amended opinion held that the superior court's rejection of the motion for filing was a permissible way to handle untimely CrR 7.8 motions. The court further held that the trial court's refusal to file the motion was not an appealable decision under RAP 2.2, and it thus dismissed the appeal. The court added that a party may seek discretionary review of a refusal to file under RAP 2.3(b), but it determined that Flaherty demonstrated no basis for discretionary review.

We granted discretionary review of the Court of Appeals decision, and we now reverse.

A superior court clerk generally must file all papers delivered to the clerk for that purpose in any proceeding or action "as directed by court rule or statute." RCW 2.32.050(4). No petition or motion for collateral attack on a criminal judgment and sentence "may be filed" more than one year after the judgment becomes final if

the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction. RCW 10.73.090(1). If the superior court determines that a motion for relief from a judgment and sentence under CrR 7.8 is time barred under RCW 10.73.090, the court "shall" transfer the motion to the Court of Appeals for consideration as a personal restraint petition. CrR 7.8(c)(2).

The Court of Appeals reasoned that since the superior court clerk is only required to file papers "as directed by court rule or statute," RCW 2.32.050(4), and since RCW 10.73.090(1) states that a collateral challenge "may not be filed" more than one year after the finality of a judgment and sentence, the clerk may refuse to file an untimely CrR 7.8 motion. But CrR 7.8(c)(2) expressly requires otherwise, stating that the superior court "shall" transfer a motion for relief from judgment to the Court of Appeals for consideration as a personal restraint petition if the court determines that the motion is time barred under RCW 10.73.090. A more sensible reading of RCW 10.73.090(1) is that it does not literally bar the filing of an untimely collateral challenge, but that challenges filed beyond the time limit may not be considered on the merits. There are several exemptions from the time limit, the application of which is a question of law. RCW 10.73.100. It is the court's function, not the clerk's, to decide whether a collateral challenge is timely. If the challenge is untimely, the court shall transfer it to the Court of Appeals.

Further, under CR 5(e), the filing of a motion presented in the proper form is a nondiscretionary, ministerial task. Where a court rule and a statute appear to conflict on a procedural matter related to court administration, the rule controls. *See* RCW 2.04.200 (procedural laws become ineffective when in conflict with subsequently promulgated court rules). It is plainly not part of the clerk's ministerial function to determine whether a collateral challenge is timely.

We therefore reverse the Court of Appeals and remand to the superior court with directions to file Flaherty's CrR 7.8 motion and process it in accordance with CrR 7.8(c)(2).