IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | ) | |
|---|---|---|
| | ) | No. 73523-3-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| RANDOLPH CARTIER CLARK-EL, | ) | |
| | ) | FILED: November 7, 2016 |
| Appellant. | ) | |
| | ) | |

BECKER, J. — When a defendant is charged with delivering a controlled substance, the identity of the substance is an essential element that must be stated in the to-convict instruction if it increases the maximum sentence the defendant will face upon conviction. In such a case, omission of the essential element is subject to harmless error analysis as to the conviction but not as to the sentence.

## FACTS

Police officers were conducting undercover drug law enforcement in Bellingham on the evening of October 30, 2014. One of the officers testified that he approached a man on the street and asked "if he had any clear, which is street slang for methamphetamine." Agreement was reached on the price of $20. The officer handed over the cash, and the seller "gave me a small bag containing what appeared to be methamphetamine. . . . Clear, shard-like substance." The officer put the drugs in his left sock and later did a field test that

indicated the drugs were methamphetamine. The drugs were booked into evidence and sent to the Washington State Patrol for forensic analysis.

The officers recognized the man from previous encounters and identified him as Randolph Clark-El. Police arrested Clark-El some weeks later, after they had concluded their undercover operation.

The State charged Clark-El with one count of delivery of a controlled substance, "to-wit: Methamphetamine . . . which violation is a class B felony." During a short jury trial, Clark-El did not testify and he did not attempt to undermine the evidence that a sale of methamphetamine had taken place. His defense was that the officers misidentified him as the seller. The jury returned a verdict finding him guilty of the crime of delivery of a controlled substance. The court entered a judgment of guilty of delivery of a controlled substance under RCW 69.50.401(2)(b) (methamphetamine, a class B felony) and sentenced him for that offense.

Clark-El appeals. He contends his conviction and sentence must be reversed because the to-convict instruction did not identify the substance he was accused of selling.

OMISSION OF ESSENTIAL ELEMENT

A to-convict instruction must include all essential elements of the crime charged. State v. Shelley Sue Smith, 131 Wn.2d 258, 263, 930 P.2d 917 (1997), citing State v. Emmanuel, 42 Wn.2d 799, 819, 259 P.2d 845 (1953). When the identity of a controlled substance increases the statutory maximum sentence which the defendant may face upon conviction, that identity is an essential

2

element. State v. Goodman, 150 Wn.2d 774, 778, 83 P.3d 410 (2004); State v. Sibert, 168 Wn.2d 306, 311-12, 230 P.3d 142 (2010) (plurality opinion). Crimes involving methamphetamine are class B felonies, punishable by sentences up to 10 years, whereas crimes involving certain other controlled substances are class C felonies, punishable by sentences up to 5 years. RCW 69.50.401(2)(b), (c); RCW 9A.20.021. Under Goodman and Sibert, the identity of the controlled substance allegedly sold by Clark-El was an essential element in this case.

Despite this well-settled law, the to-convict instruction did not require proof that the controlled substance delivered was methamphetamine.

> To convict the defendant of the crime of delivery of a controlled substance, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about the 30th day of October 2014, the defendant delivered a controlled substance;
> (2) That the defendant knew that the substance delivered was a controlled substance; and
> (3) That the acts occurred in the State of Washington.

Although Clark-El did not object to the instruction at trial, he is entitled to review. Omitting an element from a to-convict instruction is an error "of sufficient constitutional magnitude to warrant review when raised for the first time on appeal." State v. Mills, 154 Wn.2d 1, 6, 109 P.3d 415 (2005). Our review is de novo. State v. Brooks, 142 Wn. App. 842, 848, 176 P.3d 549 (2008); Sibert, 168 Wn.2d at 311-12 (plurality opinion).

In Sibert, a four-justice plurality of our Supreme Court held that the failure to specify methamphetamine in the to-convict instruction was not error when (1) the to-convict instruction "incorporated the drug identity by reference to the

3

charging document, which specified methamphetamine," and (2) "that drug and only that drug was proved at trial." Sibert, 168 Wn.2d at 309-10, 317 (plurality opinion). With the additional vote of a fifth justice who concurred in the result only, the plurality affirmed the defendant's conviction and sentence.

Sibert does not compel us to hold that the instruction was free of error. The Sibert plurality based its holding, in part, on the fact that "as charged" language appeared in the to-convict instruction. The to-convict instruction here did not include equivalent language. More significantly, a plurality opinion "has limited precedential value and is not binding on the courts." In re Pers. Restraint of Isadore, 151 Wn.2d 294, 302, 88 P.3d 390 (2004). It is not possible to assess the correct holding of an opinion signed by four justices when, as here, the fifth vote, concurring in the result only, is unaccompanied by an opinion. Kailin v. Clallam County, 152 Wn. App. 974, 985, 220 P.3d 222 (2009). Shelley Sue Smith, Emmanuel, and Mills continue to be leading cases holding that it is error to give a to-convict instruction that does not contain all elements essential to the conviction. Following those cases, we find error.

The error does not necessarily require reversal of the conviction for delivery of methamphetamine. Under the federal constitution, an erroneous jury instruction may be subject to harmless error analysis. Neder v. United States, 527 U.S. 1, 4, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999); State v. Brown, 147 Wn.2d 330, 332, 58 P.3d 889 (2002), following Neder. A jury instruction that omits an essential element is harmless if it appears beyond a reasonable doubt the error did not contribute to the verdict. Brown, 147 Wn.2d at 341. The omitted

element must be supported by "uncontroverted evidence," and the reviewing court must be able to "'conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error.'" Brown, 147 Wn.2d at 341, quoting Neder, 527 U.S. at 19.

Here, methamphetamine was the only controlled substance the prosecution proved. Neither the State nor the defense suggested that the substance the undercover officer purchased was anything except methamphetamine. Using the Neder harmless error test, we conclude the jury's verdict would necessarily have been the same if the to-convict instruction had specified methamphetamine.

Clark-El argues it is inconsistent with the Washington Constitution to apply harmless error analysis to the omission of an essential element from the to-convict instruction. He contends the error is reversible per se under state law.

States are free to interpret their constitutions as providing greater protection to individual rights than the federal constitution provides. State v. Gunwall, 106 Wn.2d 54, 59, 720 P.2d 808 (1986). The Washington Constitution has a provision that, like the Sixth Amendment, guarantees the right to an impartial jury. WASH. CONST. art. I, § 22. It also has a separate section providing that the right of trial by jury "shall remain inviolate." WASH. CONST. art. I, § 21. With the distinct language of article I, section 22, our constitution is more protective of the jury trial right than is the federal constitution. State v. Russell L. Smith, 150 Wn.2d 135, 151, 75 P.3d 934 (2003), cert. denied, 541 U.S. 909 (2004). The scope of the right "must be determined from the law and practice

that existed in Washington at the time of our constitution's adoption in 1889."
Russell L. Smith, 150 Wn.2d at 151.

It has not been decided whether the scope of Washington's jury trial right
is broad enough to preclude absolutely a conviction obtained in a jury trial when
the jury was not instructed on an essential element of the crime. In Sibert, as in
Brown, the decision to affirm the convictions did not rest upon an analysis of the
state constitution.[1]

Justice Sanders, dissenting in Sibert, addressed the issue of harmless
error analysis under the state constitution when he argued that our constitution
and precedent "favor the pre-Brown paradigm" of automatic reversal whenever
an essential element is omitted in a to-convict instruction. Sibert, 168 Wn.2d at
329 (Sanders, J., dissenting). But Justice Sanders' dissent did not discuss
Washington law and practice at the time the state constitution was adopted.

Justice Fairhurst has addressed the issue in two dissenting opinions,
State v. Williams-Walker, 167 Wn.2d 889, 902-20, 225 P.3d 913 (2010)
(Fairhurst, J., dissenting), and State v. Recuenco, 163 Wn.2d 428, 442-47, 180
P.3d 1276 (2008) (Fairhurst, J., dissenting). In both cases, the majority found
that a firearm enhancement imposed by the trial court at sentencing exceeded
the authority provided by the jury's special findings, a type of error that can never
be harmless. Williams-Walker, 167 Wn.2d at 902; Recuenco, 163 Wn.2d at 440-

---

[1] An examination of the briefs in Sibert discloses that the parties in that
case did not raise or brief a Gunwall issue. See briefs filed in State v. Sibert, No.
79509-6 (Wash.),
http://www.courts.wa.gov/appellate_trial_courts/coaBriefs/index.cfm?fa=coabriefs
.briefsByCase&courtId=A08.

42. Justice Fairhurst, on the other hand, classified the error in question in Williams-Walker as "the trial court's failure to submit a firearm determination to the jury," a type of error that would be subject to a harmless error analysis under Neder. Williams-Walker, 167 Wn.2d at 913 (Fairhurst, J., dissenting). Accordingly, she went on to determine an issue that the majority opinions did not confront—"whether such an error is subject to a harmless error analysis under state law." Williams-Walker, 167 Wn.2d at 913 (Fairhurst, J., dissenting). This is the same issue that Clark-El presents for our consideration.

Clark-El cites a single case from the statehood era, McClaine v. Territory, 1 Wash. 345, 354-55, 25 P. 453 (1890), in an effort to demonstrate that at the time, it was understood in law and practice that omission of an element from the to-convict instruction required reversal even if the outcome would have been the same with a complete instruction. Justice Fairhurst cites the same case, and numerous others, for the opposite proposition:

> Errors analogous to the failure to submit a sentencing factor to the jury were subject to harmless error analysis at the time our state constitution was adopted. See, e.g., Code of 1881, ch. XCI, § 1147; Jim v. Territory, 1 Wash. Terr. 63, 67 (1859) (holding party alleging error in jury instruction must provide evidence showing the instruction was pertinent to the case); Brown Bros. & Co. v. Forest, 1 Wash. Terr. 201, 202 (1867) (holding a party alleging an instructional error must show prejudice based upon all the instructions "taken together"); McClaine, 1 Wash. at 353-55 (holding instructional error not harmless where essential element of the offense was omitted such that jury was likely misled); State v. Conahan, 10 Wash. 268, 269, 38 P. 996 (1894); State v. Witherow, 15 Wash. 562, 563, 46 P. 1035 (1896) (holding any instructional error was harmless as the "proof conclusively showed that the defendants were guilty of the crime with which they were charged"); State v. Courtemarch, 11 Wash. 446, 450, 39 P. 955 (1895) (holding error was harmless where considered as a whole the jury

7

could not have been misled by the instructions so that the verdict left "no room for doubt or speculation").

> In Conahan, the trial court improperly placed the burden of proving self-defense upon the defendant. 10 Wash. at 269. Conahan had bitten off another man's ear during a fight. Id. at 268. The trial court had instructed the jury if it found beyond a reasonable doubt Conahan had committed the act, " 'then the burden of proof [was] upon Conahan to show that he could not defend himself from bodily harm without resorting to biting the left ear of Stapleton.' " Id. at 269 (quoting jury instruction). Rather than holding the error was automatically reversible, we looked to whether "it affirmatively appears from the record that the error was such as not to prejudice the rights of the defendant." Id. From the record, we determined that the defendant's own testimony showed the defendant and the victim were fighting, the victim had no weapons, and the victim made no attempt to inflict great bodily injury. Id. at 270. We concluded that the jury would have returned the same verdict absent the error. Id. As the defendant was not harmed by the erroneous instructions, the judgment was affirmed. Id.

Williams-Walker, 167 Wn.2d at 914-15 (Fairhurst, J., dissenting). Justice Fairhurst concluded there was no need to hold that the error under review was "reversible per se under a state constitutional analysis." Williams-Walker, 167 Wn.2d at 919 (Fairhurst, J., dissenting).

Clark-El points out that before Brown, modern Washington cases consistently held that failure to instruct on an element of the offense was "automatic reversible error." Shelley Sue Smith, 131 Wn.2d at 265. He also cites decisions from the highest courts in New Hampshire and Mississippi rejecting Neder under their state constitutions. State v. Kousounadis, 159 N.H. 413, 429, 986 A.2d 603 (2009); Harrell v. State, 2010-CT-01571-SCT, 134 So. 3d 266, 271 (Miss. 2014). But Justice Fairhurst's analysis is more on point because it focuses on Washington law contemporaneous with the adoption of the constitution. This was territory that the majority justices in Williams-Walker did

8

not need to traverse because they took a different route to affirmance. Although Justice Fairhurst's analysis is not precedent, it is unrebutted. Clark-El's comparatively cursory argument based solely on McClaine is not weighty enough to overcome it.

In light of the more comprehensive analysis presented in Justice Fairhurst's opinions, Clark-El fails to demonstrate that the application of harmless error analysis to omission of an essential element is inconsistent with the greater protection afforded to the jury right under our state constitution. We affirm the conviction because the error was harmless under Brown and Neder.

Clark-El contends that even if the judgment of conviction for delivery of methamphetamine is affirmed, the sentence must be reversed. We agree. "The constitutional right to jury trial requires that a sentence must be authorized by a jury's verdict." State v. Morales, No. 72913-6-I, slip op. at 1 (Wash. Ct. App. Sept. 26, 2016), http://www.courts.wa.gov/opinions/pdf/729136.pdf. The sentencing judge imposed a sentence as if the jury had found Clark-El delivered methamphetamine, a class B felony, when the only finding stated in the verdict was that Clark-El was guilty of the crime of delivery of "a controlled substance." That crime is a class C felony when not otherwise specified. The jury's finding that Clark-El delivered an unidentified "controlled substance" authorized the court to impose only the lowest possible sentence for delivery of a controlled substance.

If a court imposes a sentence that is not authorized by the jury's verdict, harmless error analysis does not apply. Williams-Walker, 167 Wn.2d at 900-01; see also Recuenco, 163 Wn.2d at 439. For this reason, resentencing is required.

## KNOWLEDGE ELEMENT

Proof of "guilty knowledge" is an essential element of the crime of delivering a controlled substance although the pertinent statute does not contain a knowledge element. State v. Boyer, 91 Wn.2d 342, 344, 588 P.2d 1151 (1979). Consistent with Boyer, the to-convict instruction stated that the second element to be proved beyond a reasonable doubt was "that the defendant knew that the substance delivered was a controlled substance." On appeal, Clark-El contends the second element in the to-convict instruction should have also required proof he knew the substance was methamphetamine. This challenge, too, is reviewable despite the lack of objection below because it is a claim that an essential element was omitted from the to-convict instruction. Mills, 154 Wn.2d at 6.

This court has already held that Boyer does not require the State to prove the defendant's "knowledge of the substance's exact chemical or street name." State v. Nunez-Martinez, 90 Wn. App. 250, 254-55, 951 P.2d 823 (1998). We adhere to that decision. Requiring the State to show the defendant knew the specific identity of the substance he was delivering would present unnecessary and in many cases insuperable proof problems.

10

## STATEMENT OF ADDITIONAL GROUNDS

Clark-El raises several issues in a statement of additional grounds for review. We have reviewed his assertions and conclude they do not provide sufficient information to warrant discussion. An appellate court "will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors." RAP 10.10(c).

Clark-El's conviction is affirmed. The sentence is reversed. We remand for resentencing. Appellate costs will not be awarded.

Becker, J.

WE CONCUR:

Leach, J.

Cox, J.