# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE STATE OF WASHINGTON,    )    No. 75770-9-I
    )
    Respondent,    )
    )    DIVISION ONE
    v.    )
    )
AIDARUS MOHAMUD IBRAHIM,    )    UNPUBLISHED OPINION
    )
    Appellant.    )    FILED: January 16, 2018
_____)

MANN, J. — Aidarus Ibrahim appeals his sentence for possession of a controlled substance. Ibrahim was charged and sentenced for possession with intent to distribute cocaine, a class B felony. The to-convict instruction did not identify cocaine as the substance at issue. A to-convict instruction must include all essential elements of the crime charged. When a defendant is charged with possession with intent to deliver a controlled substance, the identity of the substance is an essential element of the crime if the specific substance increases the maximum sentence the defendant will face upon conviction. Consistent with this court's opinion in State v. Clark-El, 196 Wn. App. 614, 384 P.3d 627 (2016), we affirm Ibrahim's conviction for possession with intent to deliver a controlled substance, but reverse and remand for resentencing.

## FACTS

On September 4, 2015, Seattle police officers arrested Ibrahim after a detective observed Ibrahim conduct what appeared to be a sale of cocaine. Ibrahim was charged with a violation of the Uniform Controlled Substances Act, RCW 69.50.401(1), (2)(a), for possession "with intent to manufacture or deliver cocaine, a controlled substance and a narcotic drug."

The jury returned a verdict finding Ibrahim "guilty of the crime of possession with intent to deliver a controlled substance as charged." The trial court entered a judgment of guilty of possession "with intent to manufacture or deliver cocaine." Ibrahim was then sentenced to a residential drug offender sentence alternative (DOSA) under RCW 9.94A.660. Ibrahim appeals his sentence.

## ANALYSIS

Ibrahim does not argue that the incorrect instruction was reversible error, instead he argues that the jury's verdict does not support the sentence for possession of cocaine, when the to-convict instructions did not specify which controlled substance was possessed.[1] Ibrahim relies on this court's recent decision in Clark-El, 196 Wn. App. 614.

We review alleged error in jury instructions de novo. State v. Sibert, 168 Wn.2d 306, 311, 230 P.3d 142 (2010). "A to-convict instruction must include all essential elements of the crime charged." Clark-El, 196 Wn. App. at 618; State v. Smith, 131 Wn.2d 258, 263, 930 P.2d 917 (1997); State v. Emmanuel, 42 Wn.2d 799, 819, 259

---

[1] Although Ibrahim did not object to the to-convict instruction at trial, omitting an element from a to-convict instruction is an error "of sufficient constitutional magnitude to warrant review when raised for the first time on appeal." State v. Mills, 154 Wn.2d 1, 6, 109 P.3d 415 (2005).

P.2d 845 (1953). If the identity of the controlled substance increases the statutory maximum sentence the defendant may face upon conviction, that identity is an essential element of the crime. Clark-El, 196 Wn. App. at 618 (citing State v. Goodman, 150 Wn.2d 774, 778, 83 P.3d 410 (2004)); Sibert, 168 Wn.2d at 311-12. Possession with intent to deliver cocaine is a class B felony, punishable by a sentence of up to 10 years. Possession with intent to deliver other controlled substances are class C felonies, punishable by up to 5 years. RCW 9A.20.021(1); RCW 69.50.206(b)(4); RCW 69.50.401(2).

Despite it being well settled law, the to-convict instruction given to the jury in Ibrahim's case did not require proof that the controlled substance possessed by Ibrahim was cocaine. Jury instruction 8 provided:

> To convict the defendant of the crime of possession with intent to deliver a controlled substance, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or about September 4th, 2015, the defendant possessed a controlled substance;
>
> (2) That the defendant possessed the substance with the intent to deliver a controlled substance; and
>
> (3) That this act occurred in the State of Washington.

In Clark-El, the trial court used a substantially similar to-convict instruction that also omitted the name of the specific substance, in that case methamphetamine. Possession with intent to deliver methamphetamine is also a class B felony under RCW 69.50.40(2)(b). The jury found the defendant guilty under that to-convict instruction. The trial court then entered the final judgment finding Clark-El guilty of delivery of methamphetamine and sentenced him for that offense. Clark-El, 196 Wn. App. at 618.

> The sentencing judge imposed a sentence as if the jury had found Clark-El delivered methamphetamine, a class B felony, when the only finding stated in the verdict was that Clark-El was guilty of the crime of delivery of a "controlled substance." That crime is a class C felony when not otherwise specified. The jury's finding that Clark-El delivered an unidentified "controlled substance" authorized the court to impose only the lowest possible sentence for delivery of a controlled substance.

Clark-El, 196 Wn. App. at 624.

Although the State acknowledges this court's decision in Clark-El, it urges we affirm the sentence based on Sibert. In Sibert, a plurality[2] of the Washington Supreme Court held the omission of the specific controlled substance in the to-convict instruction was not error, in part, because:

> each of the "to convict" jury instructions began by stating "[t]o convict the Defendant . . . of the crime of Delivery of a Controlled Substance as charged. . . ." This reference to the charging document impliedly incorporates the language "to-wit: Methamphetamine" into the "to convict" instructions.

Sibert, 168 Wn.2d at 312. The State argues, based on Sibert, Ibrahim's sentence was authorized by the jury's verdict because the verdict found Ibrahim "guilty of the crime of possession with intent to deliver a controlled substance as charged."[3]

While the State is correct that the "as charged" language was included in Ibrahim's jury verdict, that does not remedy the error in the to-convict instruction. As noted in Clark-El: "[t]he Sibert plurality based its holding, in part, on the fact that 'as charged' language appeared in the to-convict instruction." Clark-El, 196 Wn. App. at 619 (emphasis added). Here, as in Clark-El, the to-convict instruction did not include

---

[2] A plurality opinion has limited precedential value and is not binding on the courts. In re Pers. Restraint of Isadore, 151 Wn.2d 294, 302, 88 P.3d 390 (2004). As we explained in Clark-El, with respect to Sibert, "It is not possible to assess the correct holding of an opinion signed by four justices when as here, the fifth vote concurring in the result only, is unaccompanied by an opinion. Clark-El, 196 Wn. App. at 620.

[3] (Emphasis added.)

the "as charged" language. Including "as charged" in the verdict, but not in the to-convict instruction is insufficient.

"The jury has a right to regard the 'to convict' instruction as a complete statement of the law and should not be required to search other instructions in order to add elements necessary for conviction." State v. Mills, 154 Wn.2d 1, 8, 109 P.3d 415 (2005) (internal quotations omitted); Smith, 131 Wn.2d at 263. "It cannot be said that a defendant has had a fair trial if the jury must guess at the meaning of an essential element of a crime or if the jury might assume that an essential element need not be proved." Smith, 131 Wn.2d at 263. The type of controlled substance was an essential element, and its omission allowed the jury to assume it need not be proved. This was error.

As in Clark-El, the jury's finding that Ibrahim possessed and delivered an unidentified "controlled substance" authorized the trial court "to impose only the lowest possible sentence for delivery of a controlled substance." Clark-El, 196 Wn. App. at 624.

Ibrahim's conviction is affirmed. The sentence is reversed. We remand for resentencing.

_____

WE CONCUR:

_____          _____