# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75758-0-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| DELFIN SOTO-VIERA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: January 22, 2018 |

SPEARMAN, J. — The jury's verdict must support the sentence imposed. Delfin Soto-Viera challenges his sentence for possession with intent to deliver cocaine, a class B felony. He argues that the to-convict instruction erroneously failed to identify the controlled substance and thus only supports a sentence for a class C felony. We reject the argument because, despite the erroneous instruction, the jury expressly found Soto-Viera guilty of possession with intent to deliver cocaine. We affirm.

## FACTS

A police officer observed Soto-Viera exchange a small white rock for money. Soto-Viera was arrested. He was found to be carrying a small package of cocaine and over $350 in cash. Soto-Viera was charged with possession of cocaine with intent to deliver. At trial, Soto-Viera admitted possessing cocaine but denied selling it.

The jury received a to-convict instruction that set out the elements of possession with intent to deliver. The instruction did not identify the specific controlled substance that was at issue. The jury convicted Soto-Viera. The verdict form states that the jury found Soto-Viera "guilty of the crime of Violation of the Uniform Controlled Substances Act – Possession with Intent to Manufacture or Deliver Cocaine as charged in Count I." Clerk's Papers (CP) at 18. Soto-Viera received a prison-based drug offender sentence alternative based on a standard range sentence for delivery of cocaine, a class B felony.

## DISCUSSION

Soto-Viera challenges his sentence. He argues that, because the to-convict instruction failed to identify the controlled substance, the jury's verdict does not support a sentence for a class B felony.

The omission of an element from a to-convict instruction is an error of constitutional magnitude that Soto-Viera may raise for the first time on appeal. State v. Clark-El, 196 Wn. App. 614, 618, 384 P.3d 627 (2016) (citing State v. Mills, 154 Wn.2d 1, 6, 109 P.3d 415 (2005)). We review alleged instructional error de novo. Id. (citing State v. Brooks, 142 Wn. App. 842, 848, 176 P.3d 549 (2008)).

A to-convict instruction must include each essential element of the crime. Clark-El, 196 Wn. App. at 618 (citing State v. Smith, 131 Wn.2d 258, 263, 930 P.2d 917 (1997)). Where the identity of a controlled substance increases the statutory maximum sentence, the identity of the substance is an essential element. State v. Goodman, 150 Wn.2d 774, 785, 83 P.3d 410 (2004) (citing

Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)). The omission of an essential element in the to-convict instruction is subject to harmless error analysis. Clark-El, 196 Wn. App. at 630-31 (citing State v. Brown, 147 Wn.2d 330, 332, 58 P.3d 889 (2002)). In this case, the parties agree that the identity of the controlled substance was an essential element of the crime that the to-convict instruction erroneously omitted.

Soto-Viera contends that, due to the erroneous instruction, the jury's verdict does not support his sentence for a class B felony.[1] Under both the federal and the Washington Constitution, the right to a jury trial requires that the sentence imposed be authorized by the jury's verdict. State v. Williams-Walker, 167 Wn.2d 889, 896, 225 P.3d 913 (2010). Where the court imposes a sentence that is not supported by the jury's verdict, the sentence must be reversed and resentencing is required. Clark-El, 196 Wn. App. at 624 (citing Williams-Walker, 167 Wn.2d at 900-01).

In Clark-El, for example, the defendant was tried on a charge of delivery of methamphetamine, a class B felony. Id. at 617. The to-convict instruction did not identify the controlled substance. Id. at 619. The jury found Clark-El guilty of the crime of delivery of a controlled substance. Id. at 618-19. The court sentenced him for the offense of delivery of methamphetamine, a class B felony. Id. at 618. On appeal, we considered whether the faulty to-convict instruction required reversal of Clark-El's conviction and sentence. Id. at 618.

---

[1] Soto-Viera does not challenge his conviction based on the erroneous instruction. We note that, at trial, he admitted possessing and using cocaine. There was no dispute as to the identity of the controlled substance.

As to Clark-El's conviction, we held that the error in the to-convict instruction was harmless. Id. at 620. But as to his sentence, we held that the jury's verdict did not authorize the sentence imposed. Id. at 624. "The sentencing judge imposed a sentence as if the jury had found Clark-El delivered methamphetamine, a class B felony, when the only finding stated in the verdict was that Clark-El was guilty of the crime of delivery of 'a controlled substance.'" Id. Because delivery of an unspecified controlled substance is a class C felony, we held that the sentencing court erred in imposing a sentence for a class B felony. Id.

Soto-Viera contends his case is identical to Clark-El. He is mistaken. In Clark-El, the only finding in the jury's verdict was that Clark-El was guilty of delivering a controlled substance. Clark-El, 196 Wn. App. at 624. In this case, on the other hand, the jury found Soto-Viera "guilty of the crime of Violation of the Uniform Controlled Substances Act – Possession with Intent to Manufacture or Deliver Cocaine as charged in Count I." CP at 18. The jury expressly found Soto-Viera guilty of possession with intent to deliver cocaine. The jury verdict supports Soto-Viera's sentence for a class B felony.

Affirmed.

WE CONCUR:

4