# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50292-5-II |
| Respondent, | |
| v. | |
| DAVID LOREN WALDECK, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — David Waldeck appeals his convictions and sentence for three counts of unlawful delivery of a controlled substance (heroin).  Waldeck argues that the trial court erred by failing to identify the controlled substance as heroin in the to-convict instructions.  He argues that as a result, the trial court exceeded its authority when it imposed his sentence.  Waldeck also argues that the trial court failed to properly inquire into his ability to pay before imposing legal financial obligations (LFOs).  The State concedes that the to-convict instructions failed to identify the controlled substance as heroin but argues that the error was harmless.  The State also concedes that the trial court failed to properly inquire into Waldeck's ability to pay before imposing LFOs.

We accept the State's concession and hold that the trial court erred by failing to identify the controlled substance in the to-convict instructions but that the error was harmless as to Waldeck's convictions.  However, we further hold that the sentence resulting from the erroneous delivery of a controlled substance (heroin) convictions is not subject to a harmless error analysis.  Consequently, we affirm Waldeck's convictions but remand for resentencing based on convictions

for unlawful delivery of a controlled substance, not heroin. We remind the trial court of its obligation at resentencing to fully consider Waldeck's current and future ability to pay before imposing LFOs.

In a Statement of Additional Grounds (SAG), Waldeck argues that the trial court improperly admitted audio from a wiretap. We hold that Waldeck failed to properly preserve this issue for appeal.

FACTS

A detective in the street crime unit of the Longview Police Department worked with a confidential informant to conduct three controlled buys of heroin with Waldeck on November 10, 2015, January 29, 2016, and February 3, 2016. During the third controlled buy, the informant wore a wire to record the transaction.

The State charged Waldeck with three counts of delivering a controlled substance (heroin).[1] During pretrial hearings, Waldeck moved to represent himself. The trial court granted Waldeck's motion and allowed him to proceed pro se with standby counsel.

At trial, the parties stipulated that the substances collected by detectives following each controlled buy were tested and found to be heroin. The trial court admitted the audio recording from the third controlled buy without any objection from Waldeck.

The trial court issued the following to-convict instructions to the jury:

> To convict the defendant of the crime of Delivery of a Controlled Substance as charged in [Count I] [Count II] [Count III], each of the following elements of the crime must be proved beyond a reasonable doubt:

---

[1] RCW 69.50.401(1), (2)(a).

(1)  That on or about [date of count charged], the defendant delivered a controlled substance,

(2)  That the defendant knew that the substance delivered was a controlled substance; and

(3)  That this act occurred in the State of Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

Clerk's Papers (CP) at 59-61.  A jury found Waldeck guilty of all three counts.  The trial court sentenced Waldeck to 112 months in confinement with 8 months community custody and imposed various LFOs.

Waldeck appeals.

## ANALYSIS

### I.  TO-CONVICT INSTRUCTIONS

Waldeck argues, and the State concedes, that the trial court erred by failing to identify the controlled substance in the to-convict instructions.  We accept the State's concession.

We review the adequacy of a challenged to-convict instruction de novo.  *State v. Gonzalez*, 2 Wn. App. 2d 96, 105, 408 P.3d 743, *review denied*, 190 Wn.2d 1021 (2018).  A to-convict instruction must contain all essential elements of the charged crime.  *Gonzalez*, 2 Wn. App. 2d at 105.  When the identity of a controlled substance increases a defendant's maximum sentence, it is an essential element.  *Gonzalez*, 2 Wn. App. 2d at 106.

An error in omitting the essential element of the identity of the controlled substance is subject to harmless error analysis as to the conviction.  *Gonzalez*, 2 Wn. App. 2d at 111.  "A jury instruction that omits an essential element is harmless if it appears beyond a reasonable doubt the

error did not contribute to the verdict." *State v. Clark-El*, 196 Wn. App 614, 620, 384 P.3d 627 (2016). "The omitted element must be supported by 'uncontroverted evidence,'" and we must be able to conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error. *Clark-El*, 196 Wn. App. at 620 (quoting *State v. Brown*, 147 Wn.2d 330, 341, 58 P.3d 889 (2002)).

Here, the identity of the substance that the State alleged Waldeck delivered, heroin, was an essential element because it exposed him to greater punishment. *See Gonzalez*, 2 Wn. App. 2d at 106. Delivery of heroin is a class B felony with a maximum sentence of ten years, whereas delivery of other controlled substances is a class C felony with a maximum sentence of five years. RCW 69.50.401(2)(b), (c). The to-convict instructions did not specify the identity of the controlled substance Waldeck was charged with delivering. *See* CP 59-61. Because convictions for delivery of heroin exposed Waldeck to a greater sentence than convictions for delivery of a different controlled substance, omitting the essential element of the identity of the controlled substance was error. *Gonzalez*, 2 Wn. App. 2d at 105-06.

However, the error in this case was harmless. The State only presented evidence of heroin. No evidence was admitted that would have allowed the jury to find that Waldeck delivered a substance other than heroin. Waldeck stipulated that the substances collected by detectives after the controlled buys was heroin. Further, the to-convict instructions also referred to counts I, II, and III of the information, which clearly specified delivery of heroin.

Given these facts, we hold that the error in the to-convict instructions was harmless beyond a reasonable doubt because the omitted element was supported by "uncontroverted evidence," and we are able to conclude beyond a reasonable doubt that the jury verdicts would have been the same absent the error. Accordingly, we affirm the delivery of a controlled substance convictions.

## II. SENTENCE

Waldeck argues that the trial court exceeded its authority by sentencing him for delivery of heroin because it was not authorized by the jury's findings that he was guilty of delivery of a controlled substance. The State concedes. We accept the State's concession.

To be constitutional, a sentence must be authorized by a jury verdict. *Gonzalez*, 2 Wn. App. 2d at113. "'If a court imposes a sentence that is not authorized by the jury's verdict, harmless error analysis does not apply.'" *Gonzalez*, 2 Wn. App. 2d at 114 (quoting *Clark-El*, 196 Wn. App. at 624-25). In *Gonzalez*, we held that because the jury's verdict did not specify the controlled substance Gonzalez unlawfully possessed, the only authorized sentence was "'the lowest possible sentence for possession of a controlled substance.'" 2 Wn. App. 2d at 113-14 (quoting *Clark-El*, 196 Wn. App. at 624).

Likewise here, the jury found that Waldeck delivered only "a controlled substance;" the jury's verdicts did not include a finding regarding the identity of the controlled substance because that element was omitted from the jury instructions. Without a finding regarding the identity of the controlled substance, the jury's verdicts did not authorize the trial court to impose a sentence based on delivery of heroin. *See Gonzalez*, 2 Wn. App. 2d at 114. Thus, resentencing on the delivery of a controlled substance convictions is required.

5

Waldeck also argues that the trial court erred by imposing discretionary and mandatory LFOs without properly inquiring into his ability to pay. The State concedes that the trial court failed to conduct the proper inquiry. Because we remand for resentencing due to the instructional error, we do not address this issue other than to remind the trial court to fully consider Waldeck's current and future ability to pay at resentencing in accordance with *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018) and *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015).

## STATEMENT OF ADDITIONAL GROUNDS (SAG)

In his SAG, Waldeck argues that the trial court erroneously admitted audio from the wiretap of the third drug sale. Specifically, Waldeck argues that the authorization report for the wiretap failed to comply with RCW 9.73.230 and that the audio was not properly authenticated. We hold that Waldeck failed to preserve this issue for appeal.

At trial, Waldeck listened to the audio from the wiretap. The trial court then asked Waldeck if he had any motions related to the audio and he responded that he did not. The trial court admitted the audio and Waldeck did not object. Arguments not raised in the trial court will not be considered on appeal unless they concern a manifest error affecting a constitutional right. RAP 2.5(a); *see also State v. Sengxay*, 80 Wn. App. 11, 15, 906 P.2d 368 (1995). Waldeck does not argue that the admission of the audio at trial constituted a manifest error affecting a constitutional right. Accordingly, this issue is not preserved for review.

No. 50292-5-II

Accordingly, we affirm Waldeck's convictions but remand for resentencing based on convictions for unlawful delivery of a controlled substance, not heroin.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

LEE, A.C.J.

RUMBAUGH, J.P.T

7