# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51582-2-II |
| Respondent, | |
| v. | |
| CARL LOUIS WARNER, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. — Carl Louis Warner appeals his sentence for unlawful delivery of a controlled substance (methamphetamine). Warner argues that because the trial court's to-convict instruction for unlawful delivery of a controlled substance omitted the identity of the controlled substance (methamphetamine), the trial court erred by imposing a sentence for a class B felony. The State concedes. We accept the State's concession and remand for resentencing.

## FACTS

The State charged Warner with one count of unlawful delivery of a controlled substance after he sold methamphetamine to a law enforcement confidential informant.[1] Warner's case proceeded to a jury trial. The trial court's to-convict instruction stated the following:

> To convict the defendant of the crime of delivery of a controlled substance, each of the following elements of the crime must be proved beyond a reasonable doubt:

---

[1] RCW 69.50.401(2)(b).

No. 51582-2-II

> (1) That on or about the 13th day of September, 2017, the defendant delivered a controlled substance;
> (2) That the defendant knew that the substance delivered was a controlled substance; and
> (3) That this act occurred in the State of Washington.

Clerk's Papers at 25 (Aug. 15, 2018). The trial court also included an instruction informing the jury that methamphetamine is a controlled substance. The jury found Warner guilty.

The trial court entered a judgment of guilty of delivery of a controlled substance (methamphetamine), a class B felony under RCW 69.50.401(2)(b). The trial court sentenced Warner to 75 months of confinement with 12 months of community custody.

Warner appeals his sentence.

ANALYSIS

I. TO-CONVICT INSTRUCTIONS

Warner argues, and the State concedes, that the trial court exceeded its authority by sentencing Warner as though his conviction for delivery of a controlled substance was a class B felony where the to-convict instruction failed to identify the substance delivered as methamphetamine.[2] The State concedes that the highest level of crime that the trial court could have sentenced Warner for was a class C felony. We accept the State's concession.

"'We review the adequacy of a challenged to convict jury instruction de novo.'" *State v. Gonzalez*, 2 Wn. App. 2d 96, 105, 408 P.3d 743 (internal quotation marks omitted) (quoting *State v. Mills*, 154 Wn.2d 1, 7, 109 P.3d 415 (2005)), *review denied*, 190 Wn.2d 1021 (2018). A jury

---

[2] Unlike the defendants in *State v. Sibert*, 168 Wn.2d 306, 311, 230 P.3d 142 (2010), and *State v. Clark-El*, 196 Wn. App. 614, 620, 384 P.3d 627 (2016), Warner does not challenge his conviction. He challenges only his sentence. He agrees, without including it as part of his assignment of error, that the error as it relates to his conviction is harmless.

2

instruction is erroneous if it relieves the State of its burden to prove every element of the crime. *State v. DeRyke*, 149 Wn.2d 906, 912, 73 P.3d 1000 (2003).

A "to-convict" instruction must contain all the essential elements of the charged crime. *State v. Clark-El*, 196 Wn. App. 614, 618, 384 P.3d 627 (2016). When the identity of the controlled substance increases the maximum sentence that the defendant may face upon conviction, the identity is an essential element. *Id*.

"'If a court imposes a sentence that is not authorized by the jury's verdict, the harmless error analysis does not apply.'" *Gonzalez*, 2 Wn. App. 2d at 114 (quoting *Clark-El*, 196 Wn. App. at 624-25). When a jury's verdict does not specify the controlled substance that a defendant delivers, the only constitutionally authorized sentence is the "lowest possible sentence for delivery of a controlled substance." *Id*. at 624.

Here, Warner was charged under RCW 69.50.401(2)(b), with unlawful delivery of a controlled substance (methamphetamine). Delivery of methamphetamine is a class B felony with a maximum sentence of 10 years. RCW 69.50.401(2)(b). In contrast, delivery of "controlled substances" is a class C felony with a maximum sentence of 5 years. RCW 69.50.401(2)(c); RCW 9A.20.021. Thus, the identity of the substance that the State alleged Warner delivered, methamphetamine, was an essential element of the crime charged because it exposed him to greater punishment. But the to-convict instruction did not specify the identity of the controlled substance that the State charged Warner of delivering. Therefore, because Warner's conviction for delivery of methamphetamine exposed him to a sentence of 10 years as opposed to a sentence of 5 years for a conviction for a different controlled substance, the trial court's omission of the identity of the controlled substance from the jury instructions was error.

No. 51582-2-II

We reverse Warner's sentence and remand for resentencing on the delivery of a controlled substance under RCW 69.50.401(2)(c).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

MAXA, C.J.

LEE, J.