IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | |
| | ) | No.  36675-8-III |
| ARMANDO CORTEZ LOPEZ, | ) | |
| | ) | |
| Petitioner. | ) | UNPUBLISHED OPINION |

KORSMO, J. — Armando Cortez Lopez brought an untimely CrR 7.8 motion and then attacked the integrity of the trial court for properly transferring the motion to this court for consideration as a personal restraint petition (PRP).  Concluding that the petition has not demonstrated prejudicial error on the unique facts of this case, we dismiss the untimely PRP.

FACTS

The relevant facts are entirely procedural, so we need not discuss the underlying incident.  By amended information, Mr. Lopez was charged with the alternative crimes of attempted second degree rape and attempted indecent liberties.  The jury acquitted him on the rape count, but convicted on the attempted indecent liberties.  This court affirmed the conviction on appeal.  *See State v. Lopez*, No. 31377-8-III (Wash. Ct. App. Sept. 25, 2014) (unpublished), https://www.courts.wa.gov/opinions/pdf/313778.pdf.

The charging document had alleged that Mr. Lopez caused the victim "to have sexual contact with you by forcible compulsion." The jury was instructed on the concepts of "forcible compulsion" and "substantial step." The instructions also defined the crime of indecent liberties:

> A person commits the crime of Indecent Liberties when he knowingly causes another person who is not his spouse or registered domestic partner to have sexual contact with him by forcible compulsion.

Clerk's Papers (CP) (No. 31377-8) at 129. The elements instruction did not include the words "forcible compulsion." The verdict form reflected that the jury found Mr. Lopez "guilty of the alternate crime of Attempted Indecent Liberties." CP at 137. The trial court imposed a life sentence in accordance with RCW 9.94A.703 and set the minimum term at 44 months.

This court issued its mandate in the direct appeal on November 4, 2014. The current action was initiated when Mr. Lopez filed a motion to vacate the sentence in the Yakima County Superior Court on January 29, 2019. He attempted to note the motion for hearing before the trial judge. However, the criminal presiding judge transferred the untimely collateral attack to this court in accordance with CrR 7.8(c)(2).

Converting the pleading to a PRP, this court directed the prosecutor to respond to the petition. Mr. Lopez then filed a reply that, in part, accused the prosecutor and criminal presiding judge of improperly diverting the case from the trial judge. The

prosecutor responded by filing a motion to strike the reply. This court temporarily sealed the reply and the motion to strike; the motion was passed on the panel assigned to the case. We appointed counsel to argue the case for Mr. Lopez.

Mr. Lopez's motion for accelerated review was granted. The originally scheduled oral argument was struck due to the Covid-19 virus outbreak. Thus, a panel considered the petition without hearing argument.

ANALYSIS

The primary issue presented is the petition's contention that the jury only convicted Mr. Lopez of a class C felony when it returned a verdict on the attempted indecent liberties charge. After briefly addressing the motion to strike, we will turn to the verdict question.

*Motion to Strike*

The State moved to strike a paragraph on page 2 of the pro se reply that alleges wrongdoing by the presiding criminal judge and the prosecutor, a baseless argument not presented in the original petition. An improper brief may be struck. RAP 10.7. A party may not raise new issues in a reply brief. RAP 10.3(c).

No "collateral attack" "may be filed more than one year after the judgment becomes final." RCW 10.73.090(1). A CrR 7.8 motion is a collateral attack. RCW 10.73.090(2). A judgment is final one year after an appellate court issues its mandate.

RCW 10.73.090(3)(b). When a collateral attack is filed more than one year after a judgment is final, the superior court is directed to transfer the case to the court of appeals for consideration as a PRP. CrR 7.8(c)(2). The transfer of an untimely petition is an automatic ministerial task. *State v. Flaherty*, 177 Wn.2d 90, 93, 296 P.3d 904 (2013).

Mr. Lopez filed this collateral attack more than one year after the issuance of the mandate on the direct appeal. Whether it may or may not have qualified for review under one of the exceptions provided by RCW 10.73.100 was a question for this court to answer, not the trial court, and did not change the obligation of the trial court. Mr. Lopez had no right to have the superior court hear the motion. That court properly transferred the case to this court.

The motion to strike is granted.

*Verdict Form*

The PRP alleges that the sentence was in excess of the court's jurisdiction, invoking the exception to the time bar found in RCW 10.73.100(5).

The burdens imposed on a petitioner in a PRP are substantial. Because of both the significant societal costs of collateral litigation often brought years after a conviction and the need for finality, relief will only be granted in a PRP if there is constitutional error that caused substantial actual prejudice or if a nonconstitutional error resulted in a fundamental defect constituting a complete miscarriage of justice. *In re Pers. Restraint*

*of Woods*, 154 Wn.2d 400, 409, 114 P.3d 607 (2005). It is the petitioner's burden to establish this "threshold requirement." *Id.*

There are six methods of committing the crime of indecent liberties. RCW 9A.44.100. Indecent liberties by forcible compulsion, RCW 9A.44.100(1)(a), is a class A felony and retains that classification even in cases of attempt. RCW 9A.44.100(2)(b); RCW 9A.28.020(3)(a). The remaining five alternative methods of committing indecent liberties are class B felonies, but attempts to commit any of those alternatives are class C felonies. RCW 9A.44.100(2)(a); RCW 9A.28.020(3)(c).

Mr. Lopez argues that the failure of the verdict form to reference the "forcible compulsion" element of the crime means that he was not convicted of that offense. His argument fails on the facts of this case.

Although not well developed by the pro se pleadings, his argument presents the question of whether the jury's verdict authorized the punishment imposed. *See generally, Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). An example is the decision in *State v. Clark-El*, 196 Wn. App. 614, 384 P.3d 627 (2016). There the defendant was sentenced for delivering methamphetamine, but the "to convict" instruction did not identify the controlled substance and the verdict declared Clark-El guilty of the crime of delivery of a controlled substance. *Id.* at 618-619. Division One held that it was error to not identify the substance in the elements instruction, but the

5

error was harmless[1] as to Clark-El's conviction. *Id.* at 620. However, the error was not harmless as to the sentence; in light of multiple potential punishments for delivering controlled substances, the verdict did not authorize the sentence imposed. *Id.* at 624.

To the extent this is Mr. Lopez's argument, it fails because the jury was instructed on only one theory of indecent liberties—that of forcible compulsion. A jury that followed the court's instruction, as we presume[2] they did, could only find that indecent liberties meant indecent liberties by forcible compulsion because that was the only definition of the crime presented to the jury. If the jury had been instructed on more than one of the alternative methods of committing indecent liberties, then Mr. Lopez would have a significant argument that he had been prejudiced.[3] However, under these facts Mr. Lopez cannot bear his heavy burden of proving actual, and prejudicial, error. The "missing element" (forcible compulsion) was defined for the jury in terms of the element it had to find (attempted indecent liberties). The jury's verdict necessarily determined

---

[1] Omission of an essential element is subject to harmless error analysis. *State v. Brown*, 147 Wn.2d 330, 332, 58 P.3d 889 (2002); *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999).

[2] "Jurors are presumed to follow the court's instructions." *State v. Kalebaugh*, 183 Wn.2d 578, 586, 355 P.3d 253 (2015) (concluding that defendant had not provided evidence contesting this presumption).

[3] Special interrogatories are only used when a jury has multiple alternatives to choose from and there is need to know the basis for the jury's decision. In a typical case like this when only one statutory alternative is at issue, the general verdict form suffices to convey the jury's decision.

that Mr. Lopez acted with forcible compulsion. It could not have determined that he committed indecent liberties in some other manner.

The PRP does not establish prejudicial error. Accordingly, the petition is untimely and, therefore, is dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, J.