IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36715-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| GREGALINE TYLER, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Gregaline Tyler appeals his convictions for escape from community custody and possession of a controlled substance on two grounds. We affirm.

## BACKGROUND

Mr. Tyler was charged with possession of a controlled substance, methamphetamine. After plea negotiations failed, the State moved to amend the Information to include a charge of escape from community custody. Mr. Tyler objected to this motion, arguing the two offenses were not subject to joinder under CrR 4.3(a). The trial court granted the State's motion to amend.

Mr. Tyler subsequently pleaded guilty to the escape charge and went to trial on the drug charge. The court's to-convict instruction required the State to prove Mr. Tyler possessed methamphetamine. The jury entered a guilty verdict. The verdict form did not identify the specific controlled substance that formed the basis of Mr. Tyler's conviction.

The trial court sentenced Mr. Tyler to 14 months' incarceration for unlawful possession of methamphetamine and 90 days for escape from community custody.

Mr. Tyler appeals.

ANALYSIS

Mr. Tyler makes two arguments on appeal: (1) the trial court erroneously allowed the State to join the counts of escape from community custody and possession of a controlled substance, and (2) the general nature of the jury's verdict allowed the trial court to sentence Mr. Tyler only for possession for an unspecified controlled substance (i.e., misdemeanor possession of marijuana). We reject both claims.

Mr. Tyler's joinder argument was mooted by his guilty plea. Because Mr. Tyler pleaded guilty to escape from community custody, he was never forced to go to trial on unrelated offenses. Nor was he prejudiced at trial. An information that includes improperly joined offenses is not a fundamental defect, such as a jurisdictional flaw or failure to state an offense. As such, Mr. Tyler waived his objection to the State's joinder motion by entering a guilty plea. *See State v. Majors*, 94 Wn.2d 354, 356, 616 P.2d 1237 (1980).

We disagree with Mr. Tyler's claim that the jury's verdict did not permit sentencing for unlawful possession of methamphetamine. The information charged Mr.

No. 36715-1-III
*State v. Tyler*

Tyler with possessing methamphetamine. The court's to-convict instructions required the State to prove Mr. Tyler possessed methamphetamine. Given these circumstances, the jury's guilty verdict necessarily rested on a finding, beyond a reasonable doubt, that Mr. Tyler possessed methamphetamine, not some other drug. *See Taylor v. United States*, 495 U.S. 575, 602, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990) (instructions may be consulted to discern the facts necessarily found by a jury). This is not a case where imprecision in the wording of the jury's verdict requires relief. *Cf. State v. Clark-El*, 196 Wn. App. 614, 624-25, 384 P.3d 627 (2016) (resentencing required when type of drug omitted from to-convict instruction).

CONCLUSION

The judgment and conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Fearing, J.

3